## No. 10,261.

### CITY OF NEW ORLEANS vs. FIREMEN'S INSURANCE COMPANY.

1. The power conferred by the Legislature on the City of New Orleans in one act to *impose* a license tax, united to the power conferred in another, to *enforce* the collection of "*any and all* taxes" due to any political corporation, carry with them, necessarily, the power to impose *just such* a penalty as may be imposed by State laws. And it further authorizes the City Council to adopt the State license law as its own.

2. The intention of the framers of the constitutional Article 218, conferring on municipalities the *same* power, in connection with matters of taxation, as is conferred upon the State was to bring about harmonious and uniform action therein.

3. The grant of *full* power to tax, carries with it authority to use all means to accomplish the object; and the imposition of penalties, after due notification of the non-payment of taxes, is a legitimate means of collecting revenue.

4. Article 46 of the Constitution prohibiting the General Assembly from passing any local or special law fixing the rate of interest, *exclusively* applies to contracts between individuals. Taxes are not debts.

5. Different provisions of the Constitution must be construed together and harmonized. The limitations contained in Article 46, cannot be considered as, in any way, interferring with the Legislatures' *unlimited* control over the chartered rights and powers of the City of New Orleans.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

*W. B. Sommerville*, Assistant City Attorney, for Plaintiff and Appellee.

*Braughn, Buck, Dinkelspiel & Hart*, for Defendant and Appellant.

The opinion of the Court was delivered by

WATKINS, J.  This is a proceeding by rule against the defendant for the recovery of the amount of its city licenses of $550, for the year 1887,

with two per cent. per month interest, from the first of March, 1887; and a like sum for the year 1888, with like interest from the first of March, 1888.

The answer of the defendant is substantially embodied in one phrase, viz. :

" That the imposition of any greater interest by way of penalty, or otherwise, by the City of New Orleans (than five per cent.) is illegal and in violation of Article 46 of the Constitution." It does not contest the capital.

There was a judgment in favor of the plaintiff for the sum of " $1100 for licenses, for the years 1887 and 1888, with two per cent. per month interest, from the first of March, 1888."

In her answer to the appeal the city asks an increase of the judgment so as to give interest on the amount of the license of 1887 from the first of March, 1887, as claimed.

It is admitted that the license ordinances of the city for 1887 and 1888, were copies of the State license law of 1886, it being Act 101 of that year.

Section 20 of that act is relied upon by the city treasurer for the collection of two per cent. per month interest. It is in these words, viz. : " That all unpaid licenses shall bear interest at the rate of two per cent. per month, from the first day of March, etc." But the contention of defendant's counsel is, that " a municipal corporation can impose no penalties unless by positive legislative permission or grant;" and, they insist, that such permission has not been given the plaintiff in this instance, and, hence, the municipal ordinance in question is null. On the other hand, the contention of plaintiff's counsel is, that the corporation was given the power by the legislative Act No. 119 of 1882, and if that is not true, ample power was conferred by the terms of the city charter, viz. : Section 63 of Act 20 of 1882.

We regard Act 119 of 1882 as an enabling act, for " the political corporations of the State," and that its sole object was to empower such corporations to " enforce the collections of any and all taxes due to them, within such time, and in the manner provided by existing State laws.' It is, purely and simply. a remedial law, pertaining to the collection of taxes, and does not purport to confer upon said corporations any legislative authority whatever.

Section 63 of Act 20 of 1882, confers upon the City Council the power to " impose an annual license tax on trades, professions and callings," but it makes no mention of either penalty or interest.

But whilst it is perfectly true that there is no special mention made of·

either penalty or interest, we incline to the opinion that the power conferred in one act to *impose* a license tax, united to the power conferred in the other to *enforce* the collection of "*any and all* taxes" due to any political corporation, carry with them, necessarily, the power to impose *just such* a penalty as may be imposed by State laws. And it further authorizes the City Council to adopt the State license law as its own.

We entertain no doubt of the fact that such was the intention of the framers of the constitutional Article 218, which confers upon municipalities the *same* power—under the sanction of the Legislature, of course—in connection with matters of taxation, as is conferred upon the State. Such was, doubtless, the object had in view by the Legislature in passing Act 119 of 1882, cited *supra*.

This view is well borne out in the opinion of the court in Slack, administrator, vs. Roy, 26 Ann. 674, in which this language is employed, viz.:

"The grant of full power to tax carries with it authority to use all means to accomplish the object; and the imposition of penalties, after due notification of the non-payment of taxes, is a legitimate means of collecting revenue."

The contention of defendant's counsel, that Article 46 of the Constitution prohibiting the General Assembly from passing "any local or special law * * fixing the rate of interest," is tantamount to a prohibition against such a rate of interest as is contained in the license law and ordinance under consideration, when applied, or sought to be applied to the corporation of New Orleans, is untenable. We regard it as clearly and exclusively applicable to *contracts* between individuals, and especially those appertaining to matters of indebtedness; and it has been frequently decided that *taxes are not debts*. Reed vs. His Creditors, 39 Ann. 121.

But different provisions of the Constitution must be construed together and harmonized; and, in so doing, we find, in the same article above cited, a provision excepting the City of New Orleans from the operation and effect of the limitations thereby imposed, and explicitly conferring upon the General Assembly full authority to deal with her *chartered* rights and powers at will.

The judgment is correct in all respects, except with regard to the interest on the amount of the 1887 license. This should be changed so changed that it should be computed from the first of March, 1888, the date of defendant's default.

It is, therefore, ordered that the judgment appealed from be so amended that the two per cent per month interest on the sum of five hundred and fifty dollars due by the defendant, for license of 1887, shall be computed from the first of March, 1887; and as thus amended the same be affirmed.