<hr />

## No. 12,389.

STATE OF LOUISIANA EX REL. LOUIS P. PAQUET VS. GABRIEL FERNANDEZ, JUDGE OF THE SECOND CITY COURT OF NEW ORLEANS.

Attorneys at law are subject to the license tax for practising their professions imposed by municipal authorities and by the State. The license authorizing them in the first instance to pursue their profession is an evidence of character and capacity, and carries with it no exemption from taxation by license tax. The profession has no special privilege from that of other occupations.

Act No. 119 of 1882 authorizes municipal corporations to avail themselves of the remedies provided by the State for the collection of State taxes. Act 150 of 1892 authorizes any court having jurisdiction of the amount to issue a rule against the person owing a license tax, accompanied by an injunction restraining the carrying on the occupation until the license tax is paid, and to punish for contempt a violation of the restraining order.

The Second City Court, therefore, had jurisdiction of the amount and was empowered to issue the rule, give judgment for the amount, issue the restraining order, and to punish as in contempt its violation.

O N application for Writs of *Certiorari* and Prohibition.

<hr />

*Louis P. Paquet, in propria persona,* and *Thomas F. Maher (R. G. Cobb of Counsel),* for Relator.

*Gabriel Fernandez,* Judge, *in propria persona,* and *W. B. Sommerville,* Assistant City Attorney, for Respondent.

---

Submitted on briefs January 18, 1897.
Opinion handed down February 1, 1897.
Rehearing refused March 15, 1897.

---

The opinion of the court was delivered by

McENERY, J. The relator is an attorney at law. The city of New Orleans proceeded against him by rule, to enforce the payment of a license tax for practising his profession within the corporation, under Sec. 18 of Act No. 150 of 1890, and the ordinance of the city of New Orleans in pursuance thereof.

The rule was accompanied by a prayer for an injunction against the relator, to compel him to cease pursuing his profession until he paid the license tax. There was no appearance made by defendant, and the rule was made absolute, and a judgment rendered against him for the amount of the license tax, and a restraining order was issued, forbidding defendant from pursuing the occupation of lawyer until he paid the tax. The restraining order was violated. A rule was issued against him for contempt of court, and he was adjudged guilty. To this rule the defendant filed an exception, alleging that he is an officer of the court, and can not, by the mode and manner of procedure in this case, be deprived of the privilege of practising his profession. That the proceedings against him are unconstitutional, null and void; that being an officer of the court his occupation is not subject to taxation; that the functions of the court are purely judicial, and it can not constitute itself a license collector; that any law which authorizes plaintiff's imprisonment, under said proceedings, is unconstitutional; that the court is without authority to punish for contempt under the proceedings taken against him, as there is no law conferring jurisdiction upon the city courts to punish for contempt.

The refutation of defendant's exception will require no extended argument. Lawyers have no more privileges than other citizens in the pursuit of their profession. The license to practise, granted to them under the law to pursue the profession of attorney, is only an evidence of character, fitness and ability. The privilege of pursuing

the profession carries with it no exemption from the duties of citizenship, the sharing with others the expense of government, both State and municipal. If there is one thing more than any other which should impress itself upon the profession, it is the duty to aid and assist in the execution of the laws, and to bear the just proportion of expenses to make the government a vigorous and healthy instrumentality in the preservation of society and the protection of all citizens, in all their rights and in the pursuit of their occupations.

Act 119 of 1882 confers upon municipal authorities the right to pursue all remedies provided for the collection of State taxes, then in existence or thereafter to be enacted.

Act 150 of 1890, Sec. 18, authorizes the pursuit of a delinquent license payer by rule, and the accompanying of the same by injunction to restrain the party who owes the license from pursuing his occupation until the license is paid. And it authorizes any court of competent jurisdiction to entertain the rule, and to punish for contempt the violation of the restraining order. The city court had jurisdiction of the amount, and was vested with full power to enter judgment against the defendant for the amount, and to restrain the pursuing of his occupation until he pays the license tax. Having issued a restraining order within its jurisdiction, the court had the right to treat its violation as contempt of its authority and to punish the same.

The provisional orders herein issued are set aside and the relief prayed for denied.