Statement of the Case.
NICHOLLS, J.
On the 12th of May, 1904, the town of New Iberia adopted an ordinance which ordained that parties engaged in the retail selling of liquors within the corporate limits of the town of New Iberia from and after the 1st of June, 1904, should be liable for a license tax of $1,000 for each business or firm for the balance of the calendar year. The ordinance ordained further that, upon failure on the part of any person to pay the license after he had become delinquent in the payment, he would become liable for 2 per cent, per month interest on the amount of the license, together with 10 per cent, attorney’s fees.
The plaintiff in the present suit proceeded by rule against each of the defendants, whose names appear in the title thereto, to enforce payment of $1,000 for a license, with interest and attorney’s fees, charging that each fall under the terms of that ordinance, and was chargeable as claimed.
The different rules were by consent consolidated, and tried together in the district court | on the same evidence. The defendants resisted on a number of grounds, among them a plea of res judicata and estoppel, which the district court on the trial of the case sustained, and dismissed the .different rules. From that judgment the plaintiffs have appealed. These same defendants had been before the present suit sued by the mayor and board of trustees of the town of New Iberia to compel them to pay a license of $1,000 as retail liquor dealers in New Iberia for the year 1904, under an ordinance alleged to have been adopted by the town on August 3, 1903, imposing such a license for the year 1904. They defended that suit upon the ground that the ordinance on which this claim for a license was based had no legal existence, inasmuch as it had not been signed by the mayor, as was required by the charter of the town before its promulgation.
The defense set up was not sustained by the district court. On the contrary, it rendered judgment in favor of the plaintiff, against each defendant, for $1,000.
Defendants appealed to the Supreme Court. The facts and pleadings in the case will be found in the judgment of this court reported in 112 La. 525, 36 South. 552, under the title of “The Mayor and Board of Trustees of Town of New Iberia v. Moss Hotel Co., Ltd.”
The Supreme Court found that the mayor of New Iberia had not affixed his signature to the ordinance in question prior to its promulgation, and that the signature of the mayor was, under the town’s charter, essential to the existence of the ordinance. It appeared, however, from the evidence and the pleadings and admissions, that each of the defendants had in fact been engaged in the retail liquor business in New Iberia after the 1st of January, 1904, and up to the institution of the suit; that three of the defendants, Lacour, Landry, and Maniskako, not being aware of the nonexistence of the license ordinance, for the reason stated had, before the institution of the suit against them, availed *1025 themselves of the privilege granted them hy the collector of paying the license which they supposed demandahle hy installments, and had each paid to him $250. Each of the three defendants admitted that they .owed $150 for a license, though they asked in reconvention to have returned to themselves the excess of $100 over that amount which they had paid. The other four defendants (the Moss Hotel Company, Limited, Nereaux, Smith, and Delahoussaye) also admitted that they each owed $150 for a license, which amount, they tendered. These admissions were predicated, we are now told, upon the belief that a license of $150 was legally demandahle for the year 1904 under the prior ordinance of the town for the year 1903, which was not the ease. Under the circumstances, pleadings, and admissions stated, the Supreme Court dismissed the reconventional demand of the three defendants mentioned, without prejudice to their right to reassert them in the event of their being thereafter disturbed by the plaintiff with reference to license for the year 1004. It ordered, adjudged, and decreed that the judgments rendered against the Moss Company, Limited, Edouard Nereaux, M. P. Smith, and L. B. Delahoussaye be amended by reducing the principal amounts from $1,000 to $150, and, as amended, be affirmed, and that the judgments against Lacour, Landry, and Maniskako be annulled, avoided, and reversed, and the demands against them be rejected.
Opinion.
On an application for a rehearing, which the court refused, it used the following language:
“Whether the plaintiffs are authorized at this time to adopt an ordinance imposing a retail liquor license for the unexpired term of the year 1904 has not been presented as an issue in this case, and has not been and cannot be decided upon the pleadings in the record. If there be no legal impediment, and the plaintiff impose such license, then, in order that it may bear equally upon all persons engaged in the retail liquor business, the amounts which the defendants or either ■ of them have paid, or which they or either of them may pay under the judgment herein rendered, shall be credited on the license that may be demanded of them respectively.”
It was unnecessary for the court to have made the declaration which it did, that it had not attempted to decide, and could not under the pleadings in the case have legally decided, by its judgment, whether the town would or would not be legally authorized to adopt thereafter an ordinance imposing a legal retail liquor license for the unexpired term of the year 1904, and that that question was left an open question, for such was in law the actual situation resulting from the facts, independently of any declaration by the court. The only question before it was whether the alleged license ordinance of August, 1903, adopted for the year 1904, was, in view of the failure of the mayor to have signed it, an existing ordinance. If it was not, then, for the purpose of imposing a license for the year 1904, it would have to be ignored, and, being ignored, the claim advanced against the defendants for a license for the year 1904 had no basis upon which to rest. This was the extent of the adjudication made by the court. The question which it declared was an open one is presented in the present case. Did the failure of the town to have imposed a retail liquor license for the year 1904, through the ordinance which failed of its purpose solely by reason of the carelessness or inadvertence of the mayor, carry with it as its legal result the cutting off of the power and authority of the town to enact a later license ordinance for the year 1904? Was its power and authority over the subject-matter exhausted by reason of its effort to exercise its delegated powers, which was rendered ineffectual through no fault of its own? To answer that question in the affirmative, it would require provisions of law so imperative in their character as would leave us no course open other than to obey. We cannot imagine that the law *1027 maker should have intended to make the finances of a town to rest to such an extent upon the performance of what in this particular case was a mere administrative slip on the part of the mayor. We remember no law, and have been referred to none, which would make it the imperative duty of the town to have enacted the license ordinance at any particular date, nor any statute exacting of a town that the authority granted to it to impose a license for a retail liquor business should extend over a whole year, or over any particular time or portion of the year. There was a time when political corporations were prohibited by the Constitution from imposing any greater licenses than those imposed by the state. That prohibition, so long as it lasted, fettered the action of the General Assembly in the grant of powers which it conferred upon such corporations on that subject. This constitution.al restriction was, however, removed, so far .as dealers in distilled, alcoholic, or malt liquors are concerned, by article 229 of the Constitution of 1898.
In the case of Petifils v. The Town of Jeannerette, 52 La. Ann. 1005, 27 South. 358, we referred 'to the withdrawal of the •constitutional restriction imposed upon the ¡power of political corporations to impose license taxes, stating that the withdrawal of ¡the said restriction did not have the eSect ipso facto of enlarging the powers on that subject of political corporations who, in the nets of the Legislature creating them, had been expressly restricted in their power of -imposing licenses to licenses not exceeding ¡those of the state, but that the General Assembly was left free by the withdrawal of the constitutional prohibition to enlarge the powers of such corporations, and it had availed itself of its privilege so to do by the sixteenth section of Act No. 171 of 1898, p. 416, in which it was enacted that any municipal or parochial corporation in the state jshall have the right to impose a license tax on any business, occupation, or profession herein provided for, provided that all such license taxes shall conform to the provisions of article 229 of the Constitution. We referred to the fact that the thirty-first section of the act declared that all laws or parts of laws in conflict with it were repealed.
We declared that the act in question, therefore, was a general affirmative grant of power by the General Assembly to the different existing political corporations of the state, widening the otherwise restricted powers theretofore conferred on them by it to the extent declared in the sixteenth section. The same view was entertained and expressed by this court in the case of the Mayor and Board of Trustees of the Town of New Iberia v. The Moss Hotel Co., Limited, reported in 112 La. 527, 36 South. 552, to which we have referred, in which ease the court said that the concluding paragraph of article 229 of the Constitution of 1898 authorized the General Assembly to give to the political corporations throughout the state a free hand in the imposing of licenses upon retail liquor dealers without regard to the licenses imposed upon such dealers by the state.
We do not find that the General Assembly, in the exercise of the authority and power so conferred upon it, has attempted in any general statute to control the municipal corporations as to the time, extent, or manner of dealing with the subject-matter. It has given to these corporations a general grant of power and authority in respect to that matter, leaving to them to act under the grant in such manner as in their judgment would conduce to their respective interests and welfare. Whether a license tax shall be imposed at all, or not, was left with them to say so; also was it left with them to say whether the license shall cover 1 month or 12, and during which months of the year; so, also, as to when the licenses shall be *1029 made payable, and what interest and attorney’s fees shall be paid in case of delinquency. All these and other matters not necessary to specify were left to the discretion of the different corporations. When any particular municipal corporation has acted on that subject, it behooves those who aver that it has gone beyond the powers conferred upon such corporations generally to point out the particulars in which it has done so, and the statute under which a limitation upon the general grant is to be found. We are of the opinion that the city had the legal right to make the imposition of licenses upon retail liquor dealers commence, as it does, upon those who should engage in the retail selling of alcoholic or malt liquors within the corporate limits of the town of New Iberia from and after the 1st of June, 1904, and to make said licenses payable before the 1st of July, 1904, together with interest at 2 per cent, per month, if not then paid, and attorney’s fees. City of New Orleans v. Fireman’s Insurance Co., 41 La. Ann. 1142, 7 South. 82; State ex rel. Paquet v. Fernandez, 49 La. Ann. 764, 21 South. 591. The board of trustees doubtless questioned their authority on the 12th of May, 1904, to exact payment of licenses for a period dating back to the 1st of January. Whatever may have been their motive, they had the unquestionable right to make their action prospective and not retroactive. We discover nothing illegal or ultra vires of authority in that respect in the ordinance of the 12th of May, 1904.
It is not necessary to go to the charter of the city of New Iberia of 1904 to look for authority in the town or city of New Iberia to impose license taxes upon retail liquor dealers, for the town derived its power and authority so to do from the general grant of authority to all municipal corporations. It would be right and proper, however, to consult that charter in order to ascertain whether by that act only any limit or restriction has been made upon this general grant of power. We do not find that such was the case. We fail to find anywhere an obligation imposed upon the town or city to adopt every year- a budget for the succeeding year, and to make the adoption of such a budget a condition precedent to the right to fix and impose liquor licenses, as appellees urge was an essential prerequisite thereto. We do not find want of authority or illegality in the action of the town in adopting its ordinance of the 12th of May, and, as nothing called for a curative or validating act of the Legislature, it is useless to discuss whether an act having that object in view was enacted or not, or what the legal effect of such an act would have been had one been in fact necessary. We scarcely think the appellees urge seriously the contention that the ordinance of the 12th of May, 1904, does not apply to them, as the terms of the ordinance refer to licenses imposed upon those who would engage in such retail business after the 1st of July, whereas they had been so engaged since the 1st of January. The ordinance makes no reference to parties who had engaged in the business before the 1st of July, but does expressly refer to those who should have done so after that date. It is not pretended that any one of the defendants was not so engaged. There is no foundation for the contention that the ordinance in question is not equal and uniform. Its provisions are general. It makes no discriminations, and contains no exceptions.
Appellees urge upon us that, conceding the fact that the judgment of this court declaring nonexisting the ordinance of August, 1903, did not have the effect of cutting off the right of the town to adopt a liquor license ordinance at a later date in 1904, and that an ordinance so adopted would bind liquor dealers generally, it could not have that effect so far as they themselves were concerned, as the action of the *1031 court in rendering judgment for $150 against the Moss Hotel Company, Limited, Edouard Nereaux, Alphonse Lacour, and Ralph Landry, and that portion of the judgment which permitted the town to retain the $250 which were paid by each of the other three defendants, fixed the entire liability of all of the defendants for the license for the entire year 1904 at $150; that that amount, being so fixed by final judgment of this court, could not be thereafter increased. The district court seems to have adopted this view of the situation. In his reasons for judgment the district judge used the following language in reference to the first suit:
“Answering plaintiff’s demand, defendants pleaded the general denial, followed by special defenses, and assailed the legality of the ordinance imposing said license tax, because it had not been signed by the mayor, and finally averred that he owed to plaintiffs only $150 for the license for 1904. That issue was tried in the district court. Judgment was rendered in favor of plaintiff, and the defendant appealed, and on the trial thereof in the Supreme Court the judgment of the district court was reversed; the judgment was rendered in favor of the defendant, decreeing the nullity of the ordinance imposing the $1,000 license tax because it was not signed by the mayor, and decreeing that plaintiff was entitled to a judgment for $150 against the defendant for the license of 1904. This is the judgment which forms the basis of defendant’s plea of res judicata and estoppel.
. “The first suit was whether defendant owed a license, and how much. In its answer defendant admitted owing the license, but averred that it was only $150 instead of $1,000. Having admitted that it was liable to plaintiff for a license, the issue narrowed down to the amount. The district court had decided that defendant owed a license tax of one thousand dollars. Defendant appealed, and the Supreme Court decided that said judgment was erroneous, and that defendant was only liable to a license tax of one hundred and fifty dollars.
“It seems to us that so far as concerns defendant’s liability for a license for the year 1904, the matter is at rest. The judgment fixing his indebtedness for a license for the year 1904 is final and inflexible, and to hold that he owes a license tax of $1,000 would be to condemn him to pay two licenses in one year. However unjust or erroneous a final judgment may appear to litigants, it is nevertheless as binding as any other judgment. We cannot go behind the judgment of the Supreme Court to inquire whether the decree corresponds with the matter at issue. Our duty is to obey, and we must therefore maintain the pleas of resjudicata and estoppel and reject plaintiff’s demand.”
The conclusion of the district judge that the issue tried and disposed of in the first suit was a claim made on the one hand by the town that the defendants owed it $1,000 for the year 1904, independently of and disconnected from such liability having arisen from the adoption of any particular ordinance, and a claim made by the defendants on the other that the amount due was-not $1,000, but $150, is erroneous. The demand of the town, in fact, was for the payment of a license of $1,000 for 1904, predicated upon the adoption of a particular ordinance adopted in August, 1903, which imposed such a license for 1904. The town-made no demand against the defendants other than the one advanced on that specific basis; its pleadings remained unchanged throughout the entire suit; and it was out of the power of the defendants to have made it alter its demand and claim, or obtain something which it had not asked for. The town could not and did not urge affirmatively against the defendants a claim for a license in the absence of the adoption-of any ordinance in which the claim was: charged to rest, and that ease was not tried and disposed of on the theory that the town had done so; but, while the town could not make such a demand as being one of right,, parties were at liberty, if they thought proper so to do, to recognize an obligation on their part, when they had actually engaged in a business for which a license could have been legally imposed, to pay something to the town, independently of any legal obligation on their part to do so, and, when they had gone so far as to pay over the same voluntarily into the treasury it has-been held that they are estopped from claiming the amount back.
In the first case which was before us the-judgment which we rendered against the- *1033 first four of tfie defendants was not based upon any demand made against them, but solely under and by virtue of their admission of liability and assertion of willingness to pay the amount stated. There was no obligation on the part of the town to accept and avail itself of the judgment rendered, and there is nothing going to show that it has done so. It certainly would not do this (even if it could legally) if the effect of such action would be to cut the town off from its right of demanding what was legally due to it.
The judgments of the district court in each of the suits which were consolidated and tried herein, and which are now before ■us on appeal, sustaining defendants’ pleas ■of res judicata and estoppel, are erroneous; therefore they are each of them annulled, avoided, and reversed, and each of them reinstated on the docket; and it is further ordered, adjudged, and decreed that each of said causes be remanded to the district court for further proceedings according to law.
■On Application for a Rehearing by Plaintiffs.
Plaintiffs in their application pray that a rehearing be granted in this case only to the end of granting petitioner the final judgment against each of the defendants, and, in the alternative, of explaining to what ends and for what purposes the case has been remanded and reinstated on the docket of the district court.
The defendants did not apply for a rehearing, But they oppose the granting of plaintiffs’ petition, and urge the court to adhere to the judgment as rendered.
, We think the alternative prayer of the plaintiffs in 'the application for a rehearing should Be granted, and that our judgment should be amended.
It is therefore ordered, adjudged, and decreed that the judgment heretofore rendered in this case be amended so as to read that the judgments appealed from be, and they are hereby, annulled, avoided, and reversed, and each of the cases in which said judgments were rendered are reinstated on the docket of the district court, and each and all of said causes are remanded to the district court with instructions to th'e court to render judgment in each of said cases in favor of the plaintiffs and against the defendant therein as prayed for, in accordance with the views herein expressed, and, as so amended, our original judgment remains unchanged.