JANVIER, Judge.
This is a summary proceeding brought on December 28, 1953, by the City of New Orleans by means of a rule nisi. Under it the respondent corporation, Davis Aviation, Inc., was required to show cause why it should not be ordered to pay to the City delinquent occupational license taxes of $100 for each of the years 1950 and 1951, together with interest and attorney’s fees, the said license tax in each case having been assessed against the said corporation as an advertising agency and the amount claimed being the minimum amount provided against such a business in each of the ordinances, being No. 17,718 C.C.S., for *512 ■the year 1950, and No. 17,967 C.C.S., 'for the year 1951.
If any license is due, the amount claimed in each instance is not at issue, the sole contention of the respondent being that it is not an advertising agency.
The conclusion which we have reached ■on a technical question of pleading presented by the City of New Orleans makes it unnecessary that we consider the contention of the respondent that it is not an advertising agency.
The rule, in which it was alleged that the said license tax for each of the two years was due, was accompanied by an affidavit of the Assistant City Attorney who is in charge of this particular matter, .and in this affidavit the said attorney stated that “the facts and) allegations therein contained are true and correct to the best of his knowledge and belief.”
In accordance with the requirements of LSA-R.S. 47:1574 the respondent, Davis Aviation, Inc., was required to show cause ■on January 22nd, 1954 why it should not be ordered to pay the license, penalties and fees, demanded by the City. Apparently the hearing on the said rule was continued to March 26th, 1954. On that day, when the matter was called for hearing, no appearance of any kind had been made by the respondent and counsel for the City of New Orleans offered in evidence the rule in which it was alleged that the license taxes were due by the respondent as an advertising agency and to which rule was attached the affidavit to which we have already referred. And there was also offered in evidence the certificate of the ■Commissioner of Public Finance in which the said Commissioner asserted that the .amounts claimed, together with penalties and attorney’s fees were due. The offer ■of these documents was objected to by counsel for respondent and this objection was overruled. Counsel for the City then submitted the matter, taking the position that, as a result of paragraph 4 of LSA-R.S. 47:1574, the facts alleged in the pleadings should be “accepted as prima facie true and as constituting a prima facie case * *
Counsel for the respondent, Davis Aviation, Inc., then made the following statement:
“ * * * I would like at this time to plead the exception, no cause or right of action, and possibly prescription, more particularly to the year 1950, and I’d like to go ahead and meet it head on as to the merits.”
The District Judge asked whether counsel had filed any written plea and counsel answered that he had not, whereupon the Judge stated: “ * * * I can’t handle anything except written pleas.” In spite of this statement the Judge then stated to counsel for respondent that he might “go ahead”. There was then offered evidence for the purpose of showing that the respondent, Davis Aviation, Inc., is not engaged in business as an advertising agency and after the evidence had been submitted, the District Judge dismissed the rule, giving the following reasons:
“The evidence preponderates to the effect that the defendant operates a flying school. It merely has at times rented planes for the purpose of towing banners in the air.
“In the court’s opinion the defendant is not thereby an ‘Advertising Agency,’ as contended by plaintiff in Article II of the petition.”
The contention of the City is that the District Judge had no right to consider such a contention since, at the time at which the matter was called for trial, the respondent had filed no plea of any kind. This contention is based on the provisions of paragraph 2 of LSA-R.S. 47:1574 which read in part as follows:
“All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the *513 court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so presented and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; * * *.”
A reading of all of the provisions of section 1574 of LSA-R.S. 47 indicates plainly that it was the purpose of the Legislature that in such a proceeding a speedy result should be obtained and that a respondent should not be permitted to resort to any tactics to delay the accomplishment of that result.
It is shown that it is required that such proceedings “shall always be tried or heard by preference,” and that the hearing must be “not less than two nor more than ten days after notice to the defendant,” and it is especially provided in paragraph 2, as already shown, that all defenses, either “made or intended to be made * * * ” must be presented “prior to the time fixed for the hearing * * *.”
While it is true that all of the provisions of LSA-R.S. 47:1574 expressly refer to taxes due to the State, it is provided in LSA-R.S. 33:2841 that:
“A political corporation may through the officer whose duty it is to receive and collect the taxes and moneys due the corporation, enforce the collection of any taxes due to it, within the time and in the. manner provided for the collection of taxes due to the state.”
We have no doubt that, because of the above quoted provision a municipality is given the right to enforce collection of taxes in the manner provided for the collection of taxes due to the State. Thus a municipality is entitled to proceed in accordance with the stringent requirements of LSA-R.S. 47:1574.
We have not overlooked the following provisions of LSA-R.S. 33:4784:
“Any municipality which requires a license to conduct any business within its corporate limits may proceed against any person who is conducting a business without paying the required license by rule to show cause why he should not pay the license and penalties or close the business, which rule may be tried on the fifth day, exclusive of holidays, after the service thereof. The rule shall always be tried by preference and may be tried in term time or vacation, in open court or in chambers. If the rule is made absolute the municipality shall have judgment for the amount of the license, penalty, and costs against the defendant, who shall also be ordered to close his business until he obtains the required license. Every violation of the order of court shall constitute and be punishable as a contempt of court.”
It will be noted that in LSA-R.S. 47 :- 1574 it is provided that the offering in evidence of the rule and the affidavit shall constitute prima facie proof and that no court shall consider any defense except such as may have been filed prior to the time fixed for the hearing, and it will be noted too that there is no such stringent requirement in LSA-R.S. 33:4784.
A study of these two apparently inconsistent statutes leads to the belief that where the license for which the rule is brought is not for the current year but is for a previous year, then the provisions of LSA-R.S. 1574 apply, and that where, during a current year, a municipality attempts to collect a license and to close the operation of the business until the license is paid, then the provisions of LSA-R.S. 33:4784 apply.
We say this because we note that the Supreme Court has held that where the suit is to enforce the collection of taxes due, the municipality proceeds in the same manner in which the State is authorized to proceed, and bases this conclusion on its interpretation of Act 119 of 1882. The Court so held in Conservative Homestead Ass’n v. Flynn, 178 La. 17, 150 So. 564. In State *514 ex rel. Paquet v. Fernandez, 49 La.Ann. 764, 21 So. 591, the Supreme Court expressly held that that statute, No. 119 of 1882, on which R.S. 47:1574 is based, has application where there is an attempt hy a municipality to collect a license tax. In other words, we believe that, in the situation presented here, the matter is controlled by LSA-R.S. 47:1574 and not by LSA-R.S. 33:4784.
In view of the stringent requirements of LSA-R.S. 47:1574, we feel that the District Judge had no authority whatever to consider any plea which had not been filed at the time at which the matter was called for hearing and that in the absence of any such plea, since a prima facie case had been made out by the City, there should have been a judgment in favor of the City as prayed for.
This conclusion prevents our giving consideration to the fact that on the merits of the case, could we consider the merits, we might find it difficult to disagree with the finding of the District Judge who held that the respondent is not engaged in business as an advertising agency.
At the last moment while this case was under advisement, counsel for respondent, in a supplemental brief, say that when the City had offered in evidence the rule and the affidavit supporting it, the City, “never rested its case,” and counsel argue from this that, since the City did not rest its case, it cannot be heard to contend that a prima facie case was made out and that therefore it was entitled to a judgment on the ground that LSA-R.S. 47:1574 prevented the respondent from presenting any defense.
Counsel are in error in stating that the City did not rest its case. The record shows that, after counsel for the City had offered the rule and the affidavit in evidence, counsel said to the Court “that is the City’s case, if your Honor please.”
It is true that, after that, the Court permitted evidence to be introduced by the respondent and that after respondent offered evidence, the City offered additional evidence in rebuttal. However, under the circumstances stated, we think that the City did not waive its right to insist that, under the statute, it had made a prima facie case and that respondent, having filed no defense, could not be heard to contend that the license taxes claimed are not due.
In each of the ordinances to which we have referred, interest, penalties and attorney’s fees are provided for, but these are not the same in the two ordinances.
The judgment appealed from is annulled, avoided and reversed, and there is now judgment in favor of the City of New Orleans and against Davis Aviation, Inc., in the full sum of $200 with interest at 2% per month on $100 from January 2, 1950, until paid, together with an attorney’s fee of 10% on the total amount, and with an aggregate interest of 25% on $100, representing a specific penalty, together with interest at 6'% per annum from January 31, 1951, until paid, together with an attorney’s fee of 10% on the total amount; respondent to pay all costs.
Reversed.