McCALEB, Justice.
The City of New Orleans, alleging that Davis Aviation, Inc., was operating an advertising agency during 1950 and 1951, brought a summary proceeding in the Civil District Court for it to show cause why it should not be condemned to pay occupational license taxes of $200 attributable to this business, plus penalties, interest and attorney fees. (The respondent resisted liability asserting that it operates a flying school for which it has been duly licensed and that, while it occasionally rents its planes to persons engaged in the advertising business for the towing of banners displaying certain products, etc., it does not conduct an advertising agency within the purview of the applicable city license tax ordinances.
After a hearing on this issue, the judge, being of the opinion that the evidence preponderated in respondent’s favor, sustained its position and dismissed the rule nisi.
The city then appealed to the Court of Appeal for the Parish of Orleans where the judgment was reversed on the ground that the judge should not have permitted respondent to introduce evidence in support of its defense, inasmuch as it had failed to present its pleading in writing prior to the time fixed for the hearing as required by R.S. 47:1574, the procedural statute which the appellate court found to be applicable. See 102 So.2d 510. Judgment was accordingly rendered in favor of the city and, on timely application of respondent, we granted a writ of certiorari.
Although the city did not contend in the trial court that the judge was without authority to allow defendant to file a written answer after the rule was called for trial or to receive evidence on its behalf,[1] the Court of Appeal held that the provisions of paragraph 2 of R.S. 47:1574 precluded the judge from entertaining the defense and that, since the city had made out a prima facie case under that statute by offering in evidence the affidavit of the Commissioner of Finance in support of its allegations, it was entitled to judgment. The Court further deduced that the city was proceeding under R.S. 47:1574 and not R.S. 33:4784, which provides special procedure available to municipalities for the collection of delinquent occupational license taxes, observing that these procedural statutes are apparently inconsistent and that the latter is applicable in instances where a municipality is attempting to collect the license tax for the current year and is also endeavoring to restrain the operation of the taxpayer’s business until the tax is paid.
We do not coincide with these views. Initially, we are unable to see anything inconsistent in R.S. 33:4784 and R.S. 47:1574. The former, which was derived from Act 98 of 1898, grants to municipalities the right to proceed by summary process for the collection of unpaid occupational license taxes and declares that the court may also order the closure of defendant’s business until he obtains the required license. R.S. 47:1574, which has been made available to municipalities and other political subdivisions by R.S. 33:2841, was first introduced into our law as Act 14 of the Second Extra Session of 1935 to facilitate the State in the collection of all taxes by providing a more speedy method for the determination and trial of all claims. In the very first line of the statute it is stated that the legislation shall be “In addition to any other procedure provided in this Subtitle or elsewhere in the laws of this state; * * * Hence, it is not in *447 discord with R.S. 33:4784; it merely affords to municipalities another form of procedure for the collection of their occupational licenses.
In the case at bar, the City of New Orleans did not indicate in its pleadings that it was proceeding under R.S. 47:1574. Indeed, it is reasonable to suppose that those provisions were not being invoked — for, when the rule was filed on December 28, 1953, the judge ordered’ respondent to show cause on January 22, 1954, or approximately 25 days after the filing date and 23 days from the date on which the defendant was notified (service being made on December 30, 1953). This was contrary to the mandate of Paragraph (1) of R.S. 47:1574, which declares that the return day of the rule “ * * * shall be not less than two nor more than ten days after notice to the defendant or opposing party”.
Therefore, it is manifest that the judge did not believe that the proceeding was being brought under R.S. 47:1574. Had counsel for the city contended at the time of the filing of the rule (as he thereafter contended in the Court of Appeal) that he was availing himself of the provisions of the more stringent statute, it was his duty to have so advised the judge and insisted upon compliance with the provisions thereof. So far as the record shows, it does not appear that counsel had definite preconceptions as to the statute under which the proceeding was instituted for, while he attempted at the trial to employ the provisions of Paragraph 4 of R.S. 47:1574 to make out a prima facie case, by simply offering in evidence the affidavit of the Commissioner of Public Finance as to the delinquency of the tax sought to be collected, no objection was made by him to the subsequent continuance of the proceeding by the judge, nor to the late filing by defendant of its answer in writing, nor to the evidence advanced in support thereof, all of which was in violation of the statute. Under these circumstances, the proceeding must be held to be governed by R.S. 33:4784.
On the merits of the case, we entertain little doubt as to the correctness of the finding of the district court. Defendant’s evidence, which the judge believed, showed that it does not operate an advertising agency but that, on occasion, advertising agencies call upon it to tow banners for them. The planes are rented for this purpose and defendant is paid for their use.
The judgment of the Court of Appeal is reversed and that of the district court is affirmed. Plaintiff is to pay such costs as are recoverable at law.

. In fact, the city offered testimony in an effort to rehut defendant’s case. In view of the conclusion we reach, it is unnecessary to consider whether this and other factors constituted a waiver by the city of its right to insist on a strict compliance with the statutory provisions.