J^PETTIGREW, J.
Rodney J. Strain, in his capacity as sheriff and ex-officio tax collector of St. Tammany Parish, appeals from the trial court’s judgment, dismissing a petition for delinquent taxes filed against Don Almeri-co, in his capacity as an officer and director of Pat Gallagher’s Winners Circle Restaurant, Inc. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
The proceedings in this case originated in November 1989 when Patrick J. Canu-lette, as sheriff and ex-officio tax collector for the St. Tammany Parish School Board and the St. Tammany Parish Policy Jury, filed a petition, under docket number 89-15681, for delinquent taxes against E. Patrick Gallagher (“Gallagher”) and Pat Gallagher’s Winners Circle Restaurant, Inc. (“the restaurant”). Sheriff Canulette sought to recover sales and use taxes that were owed by the restaurant for the periods of March through July 1989. The restaurant subsequently filed bankruptcy proceedings, and a stay of further proceedings against the restaurant was ordered. A hearing on Sheriff Canulette’s petition was later scheduled for May 21,1990, as to Gallagher only. The record does not indicate whether this hearing was ever held. No further action was taken in this matter until the court allowed Sheriff Canulette’s attorney to file a motion to withdraw as counsel of record. Thereafter, Sheriff Canulette’s new attorney filed a supplemental petition on April 25, 1997,- naming Almerico as a defendant in his capacity as an officer and director of the restaurant, and changing the period for which taxes were due to March through August 1989, October 1989, and May 1990. Almerico responded by filing peremptory exceptions raising the objections of abandonment, prescription, res judicata, no right of action, and no cause of action.
On July 11, 1997, Almerico filed a motion to dismiss the suit on the grounds of abandonment. An ex-parte order was signed by the trial court on August 4,1997, dismissing the suit against Gallagher, Almerico, and the restaurant as of March 23, 1995. Sheriff Canulette filed a motion to vacate the ex-parte order, which motion was denied by the trial court as to Almeri-co. The matter was timely appealed by Sheriff Canulette’s successor in office, Rodney J. Strain, but subsequently abandoned and dismissed by this |3court on February 19, 1999. Tax Collector v. Pat Gallagher’s Winners Circle Restaurant and E. Patrick Gallagher, 98 CA 2755 (La.App. 1 Cir. 2/19/99).
Thereafter, on April 1, 1999, Rodney J. Strain, in his capacity as sheriff and ex-officio tax collector of St. Tammany Parish, filed the instant petition against Al-merico, under docket number 99-11367, seeking the same delinquent sales and use taxes that formed the basis of the original suit in docket number 89-15681. Sheriff Strain asserted that the sales and use tax ordinance for St. Tammany Parish provided for the collection of delinquent taxes plus interest, penalties, costs, and attorney fees. In this petition, Sheriff Strain sought judgment against Almerico in the amount of $111,369.41, plus interest, penalties, costs, and attorney fees as provided by law. In response to this petition, Al-merico filed an answer and peremptory *469 exceptions raising the objections of prescription, res judicata> and no cause of action.
This matter proceeded to a trial on the merits as well as a hearing on Almerico’s exceptions on June 2, 1999. After hearing the evidence, the court took the matter under advisement. Subsequently, on June 28, 1999, the trial court rendered written reasons for judgment finding that Sheriff Strain had presented insufficient evidence to indicate that Almerico “had the requisite direct control or supervision of such taxes or was charged with the responsibility of filing such taxes.” In a judgment dated August 12,1999, the court dismissed Sheriff Strain’s claim with prejudice, thereby rendering moot the exceptions filed by Almerico.
It is from this judgment that Sheriff Strain now appeals, essentially arguing that he is entitled to the prima facie presumptions set forth in La. R.S. 47:1574(4), relating to the use of summary proceeding in a tax assessment and collection suit. Almerico has filed a brief in opposition to this appeal and re-urges his peremptory exceptions raising the objections of prescription, res judicata, and no cause of action.[1]
UDISCUSSION
On appeal, Sheriff Strain contends that La. R.S. 47:1574 provides the basis for his claim that he has established a prima facie case of tax liability on the part of Almerico and that the burden of proof then shifted to Almerico to prove to the contrary. The use of summary proceeding in a tax assessment and collection suit is authorized by La. R.S. 47:1574, which provides as follows:
In addition to any other procedure provided in this Sub-title or elsewhere in the laws of this state; and for the purpose of facilitating and expediting the determination and trial of all claims for taxes, penalties, interest, attorney fees, or other costs and charges arising under this Subtitle, there is hereby provided a summary proceeding for the hearing and determination of all claims by or on behalf of the state, or by or on behalf of the collector, for taxes, excises, and licenses and for the penalties, interest, attorney fees, costs or other charges due thereon, by preference in all courts, all as follows:
(1) All such proceedings, whether original or by intervention or third opposition, or otherwise, brought by or on behalf of the state, or by or on behalf of the collector, for the determination or collection of any tax, excise, license, interest, penalty, attorney fees, costs or other charge, claimed to be due under any provision of this Sub-title, shall be summary and shall always be tried or heard by preference, in all courts, original and appellate, whether in or out of term time, and either in open court or chambers, at such time as may be fixed by the court, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.
(2) All defenses, whether by exception or to the merits, made or intended to be made to any such claim, must be presented at one time and filed in the court of original jurisdiction prior to the time fixed for the hearing, and no court shall consider any defense unless so present *470 ed and filed. This provision shall be construed to deny to any court the right to extend the time for pleading defenses; and no continuance shall be granted by any court to any defendant except for legal grounds set forth in the Louisiana Code of Civil Procedure.[2]
(3) That all matters involving any such claim shall be decided within forty-eight hours after submission, whether in term time or in vacation, and whether in the court of first instance or in an appellate court; and all judgments sustaining any such claim shall be rendered and signed the same day, and shall become final and executory on the fifth calendar day after rendition. No new trial, rehearing or devolutive appeal shall be allowed. Suspensive appeals may be granted, but must be perfected within five calendar days from the rendition of the judgment by giving of bond, with good and solvent security, in a sum double that of the total amount of the judgment, including costs. Such appeals, whether to a court of appeals or | Rto the Supreme Court, shall be made returnable in not more than fifteen calendar days from the rendition of the judgment.
(4) Whenever the pleadings filed on behalf of the state, or on behalf of the collector, shall be accompanied by an affidavit of the collector or of one of his assistants or representatives or of the counsel or attorney filing the same, that ■ the facts as alleged are true to the best of the affiant’s knowledge or belief, all of the facts alleged in said pleadings shall be accepted as prima facie true and as constituting a prima facie case, and the burden of proof to establish anything to the contrary shall rest wholly on the defendant or opposing party.
In interpreting this statute, we recognize the well-settled premise that tax laws are liberally interpreted in favor of the taxpayer and strictly construed against the levying authority. Goudchaux/Maison Blanche, Inc. v. Broussard, 590 So.2d 1159, 1161 (La.1991). Any doubt or ambiguity in such statutes is resolved in favor of the taxpayer. Parish of East Baton Rouge v. Kosay Enterprises, Inc., 368 So.2d 178, 181 (La.App. 1 Cir.1979). Having so noted and for the reasons that follow, we hold that La. R.S. 47:1574 is inapplicable to the instant case.
A review of the instant record reveals several problems with Sheriff Strain’s argument that he is entitled to the prima facie presumptions set forth in La. R.S. 47:1574. Initially, we note that although the petition for delinquent taxes was filed on April 1, 1999, the requisite affidavit was not filed into the record until April 13, 1999. The wording of La. R.S. 47:1574(4) is mandatory in that the pleadings filed on behalf of the taxing authority “shall be accompanied by an affidavit” before the facts alleged in said pleadings shall constitute a prima facie case. Strictly construing this provision against the taxing authority, Sheriff Strain would not be entitled to the prima facie presumption set forth in the statute because his petition was not “accompanied by an affidavit.” In fact, the affidavit was not filed until April 13, 1999, almost two weeks after the original petition was filed on April 1, 1999.
In addition to this inadequacy of the petition, there are other provisions of La. R.S. 47:1574 that were not adhered to in the instant case. Apparently, this matter was never considered as a summary pro *471 ceeding by the trial court, thus Sheriff Strain is not entitled to the presumptions of La. R.S. 47:1574. The statute requires that summary proceedings “shall always be tried or heard by preference ... at such time as may be fixed by the Lcourt, which shall be not less than two nor more than ten days after notice to the defendant or opposing party.” La. R.S. 47:1574(1). Further, “all matters involving any such claim shall be decided within forty-eight hours after submission.” La. R.S. 47:1574(3). In the instant case, the matter was initiated on April 1, 1999. According to the record, Almerico had notice of the proceeding by at least April 27, 1999, the date on which Almerico filed his answer and peremptory exceptions to the petition. Clearly, the hearing on June 2, 1999, was more than ten days after any notice to Almerico. Likewise, the judgment in this case, rendered on June 28, 1999, was certainly not decided within the requisite forty-eight hours after the case was submitted. It is obvious that the court did not consider this to be a summary proceeding brought pursuant to La. R.S. 47:1574.
In City of New Orleans v. Davis Aviation, Inc., 235 La. 992, 106 So.2d 445 (1958), the Louisiana Supreme Court addressed a similar situation. In Davis Aviation, the City of New Orleans brought a summary proceeding against a taxpayer for the payment of occupational license taxes. The city argued that the taxpayer was precluded from introducing evidence in support of his defense because the taxpayer had failed to comply with the pleading requirements of La. R.S. 47:1574. Finding the proceeding was not governed by La. R.S. 47:1574, the court reasoned:
In the case at bar, the City of New Orleans did not indicate in its pleadings that it was proceeding under R.S. 47:1574. Indeed, it is reasonable to suppose that those provisions were not being invoked — for, when the rule was filed on December 28, 1953, the judge ordered respondent to show cause on January 22, 1954, or approximately 25 days after the filing date and 23 days from the date on which the defendant was notified (service being made on December 30, 1953). This was contrary to the mandate of Paragraph (1) of R.S. 47:1574, which declares that the return day of the rule “ * * * shall be not less than two nor more than ten days after notice to the defendant or opposing party”.
Therefore, it is manifest that the judge did not believe that the proceeding was being brought under R.S. 47:1574. Had counsel for the city contended at the time of the filing of the rule (as he thereafter contended in the Court of Appeal) that he was availing himself of the provisions of the more stringent statute, it was his duty to have so advised the judge and insisted upon compliance with the provisions thereof.
Davis Aviation, 235 La. at 997-98, 106 So.2d at 447.
17Likewise, in the instant case, Sheriff Strain did not indicate in his pleadings that he intended to proceed according to La. R.S. 47:1574. Rather, in his original petition, Sheriff Strain alleged:
The [Sjales and Use Tax Ordinance provides that delinquent taxes shall bear interest at the rate of eighteen percent (18%) per annum until paid, to be computed from the first day of the month next following the month for which the tax is due; plus a penalty equal to five percent (5%) for each thirty (30) days, or fraction thereof, of delinquency, not to exceed twenty-five percent (25%) in aggregate of tax due; plus attorney’s fees at the rate of twenty-five (25%) of the aggregate tax, penalty and interest.
Sheriff Strain’s petition clearly indicates an intent to proceed according to the St. *472 Tammany Parish Police Jury General Sales and Use Tax. There is no reference to La. R.S. 47:1574 in the petition. It was not until the actual hearing on this matter that Sheriff Strain’s counsel tried to avail himself of the prima facie presumptions set forth in La. R.S. 47:1574. Accordingly, we find that the statute is inapplicable to this case.
Having so determined, we turn now to a review of the trial court’s findings with regard to the evidence submitted by the parties. As an appellate court, we cannot set aside the trial court’s factual findings unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder’s decision to credit a witness’s testimony must be given “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
The trial court’s factual findings in the present case are based largely on credibility determinations. We have thoroughly reviewed the entire record in this matter and find that a reasonable basis exists for the trial court’s findings. The testimony concerning the 1 «daily operations of the restaurant was conflicting, and apparently, after hearing all of the evidence, the trial judge made credibility determinations that must be afforded “great deference.” After considering the evidence in its entirety, we find no manifest error in the trial court’s conclusion that Sheriff Strain failed to carry the burden of proof and that “insufficient evidence was presented to indicate that Don Almerico had the requisite direct control or supervision of such taxes or was charged with the responsibility of filing such taxes.” Therefore, the judgment by the trial court dismissing Sheriff Strain’s claim is affirmed.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court dismissing Sheriff Strain’s claim is affirmed. Costs associated with this appeal in the amount of $874.00 are assessed against Sheriff Strain.
AFFIRMED.

. Almerico argues that his exceptions, which were rendered moot by the trial court’s judgment of August 12, 1999, "are all determinative of the ultimate issues in this case and all justify the dismissal of this appeal.” However, for the reasons assigned below, we affirm the trial court's dismissal of Sheriff Strain's claim, and thus, do not reach the merits of these exceptions.

. Pursuant to the statutory revision authority of the Louisiana State Law Institute, "Louisiana Code of Practice” in paragraph (2) of this section was changed to "Louisiana Code of Civil Procedure” in 2000. By 1960 La. Acts No. 15, §§ 1 and 5, the Louisiana Code of Practice was repealed and the Louisiana Code of Civil Procedure was enacted.