104 So.2d 633

**CONTINENTAL OIL COMPANY**

**v.**

James S. REILY, Collector of Revenue,
State of Louisiana.

**AMERADA PETROLEUM CORPORATION**

**v.**

James S. REILY, Collector of Revenue,
State of Louisiana.

Nos. 43757, 43758.

June 27, 1958.

Application for Rehearing Withdrawn
Sept. 2, 1958.

Hebert & Landry, by A. Leon Hebert, Watson, Blanche, Wilson, Posner & Thibaut, by Fred A. Blanche, Sr., Baton Rouge,

Burney Braley, Fort Worth, Tex., Ward T. Jones, Houston, Tex., for appellants.

Robert L. Roland, Levi A. Himes, Roy M. Lilly, Jr., Philip N. Pequet, Chapman L. Sanford, Baton Rouge, for appellee.

PONDER, Justice.

Plaintiffs brought suit for the recovery of corporation franchise taxes paid under protest for the years 1946, 1947, and 1948. From a judgment dismissing their demands, the plaintiffs have appealed.

 The sole question is whether intangible drilling and development costs (comprising labor, fuel, expenditures incurred in making a well, geological and geophysical costs all of which have no salvage value) are such assets of the corporation as are taxable under the corporation franchise tax, Act 10 of 1935, as amended by Act 201 of 1946.

According to an audit of the books of the plaintiffs, these intangible drilling and development costs were in auditing parlance "expensed" instead of being "capitalized", thus the plaintiffs failed to pay corporation franchise taxes on such costs.

It is the contention of the appellants that to require them to capitalize such expenditures rather than to expense them results in legislation on the part of the Collector inasmuch as nowhere in the act is there any provision requiring that the items be capitalized, nor is there any definition in the act of "surplus".

According to the corporate structure set up in plaintiffs' books, these items of cost were set up as assets. Appellants' explanation of this is that this was done for the purpose of examination by the Securities Exchange Commission.

It is the contention of the Collector-appellee that under the provisions of Act 201 of 1946, Section 1(3) (b), now LSA–R.S. 47:605, subd. A, he is given authority to examine the corporate structure of any corporation and revise the capital structure according to its true value, and thereby tax all assets of the corporation.

It is brought out in the testimony adduced at the trial of this case that it is proper from an accounting standpoint to either expense or capitalize intangible drilling costs.

The corporation franchise tax, Act 10 of 1935, as amended by Act 201 of 1946, Section 1(3) (b), now LSA–R.S. 47.605, subd. A, reads thus:

"For the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the corporation, subject to examination and revision by the collector from the information contained in the report filed by the cor-

poration as hereinafter provided and from any other information obtained by the collector; but in no event shall such revision reflect the value of any asset in excess of the cost thereof to the taxpayer at the time of acquisition; provided that in no event shall such value be less than is shown on the books of the taxpaying corporation. In computing surplus and undivided profits there shall be excluded such surplus as may be required by court order to be set aside and segregated in such manner as not to be available for distribution to stockholders or for investment in properties, the earnings from which are distributable to stockholders; provided further that in computing surplus and undivided profits there shall be included all reserves other than those for definitely fixed liabilities, reasonable depreciation, bad debts and established valuation reserves, such reserves in all cases to be made under rules and regulations to be prescribed by the collector. * * *."

The contention of appellants—that the item of intangible drilling and development costs are expenses and cannot be taxed as assets because the Collector has no right—has been answered in the case of National Manufacture & Stores Corporation v. Fontenot, La.App., 86 So.2d 238.

Therein the court held that under LSA–R.S. 47:601–616 the measure of the corporation franchise tax is the amount of the "capital stock, surplus, undivided profits, and borrowed capital" and that the labeling of a portion of the assets as a liability for the purposes of technical practice, does not as a practical matter transform such assets into a liability, nor does it prevent the Collector from taxing same. This case held that the Collector is under a mandatory duty under the act to include for franchise tax valuation in "surplus and undivided profits * * * all reserves other than those for definitely fixed liabilities, reasonable depreciation, bad debts and established evaluation reserves." LSA–R.S. 47:605, subd. A.

An examination of the balance sheet of the appellants herein discloses that the value of the producing wells of the corporations are not listed as assets, rather that the cost of drilling and development is the "asset". Counsel for the Collector, in argument before this Court, explained that the value of a producing well is never taxed for there is no way to ascertain this value but for taxation purposes the cost of the drilling and development of the well is taken as its value. In the light of this explanation and the admission of the appellants that the value of these producing wells is not carried on the report of the capital structure, we cannot see by

what stretch of the imagination that appellants can reasonably argue that intangible drilling and development costs are expenses and not assets that are taxable. The fact that this item is listed as expense or liability on the Capital and Liability side of the ledger is of no consequence. It is specifically stated in the corporation franchise tax act, LSA–R.S. 47:-605, subd. A, that "For the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the corporation, *subject to examination and revision by the collector from the information contained in the report filed by the* corporation * * *." The only prohibition on the Collector is that "in no event shall such revision reflect the value of any asset in excess of the cost thereof to the taxpayer at the time of acquisition" and "in no event shall such value be less than is shown on the books of the taxpaying corporation."

It, therefore, must be concluded that the Collector has statutory authority to revise for purposes of this tax the value of surplus as reflected on appellants' books and to tax intangible drilling and developments costs under the Louisiana Corporation Franchise Tax Law, LSA–R.S. 47:601–616.

The fact that in the rendition of a financial statement, a corporation may, according to accounting practice, expense intangible drilling costs and thus in its reported surplus fail to consider such items, is of no moment for the purpose of taxation.

■ It is contended by appellants that the Collector is attempting to apply the statute retroactively and require payment of the tax for years 1946–47–48 since appellants computed the tax due by an approved method of accounting used by them and accepted by the Collector for more than 19 years. Appellants cite numerous authorities holding that legislative enactment should be construed as having prospective effect only unless it clearly exhibits the intention to be given retrospective effect. We have no quarrel with the authorities cited by appellants but they have no application in the present case for here the enactment of the law was passed in 1946 and it cannot be said that the taxation for the years 1946–47–48 is retroactive.

For the reasons assigned, the judgment of the lower court is affirmed at appellants' cost.

SIMON, J., concurs in the decree.

FOURNET, C. J., absent.