TRUNKLINE GAS Co., et al. *v.* MISSISSIPPI STATE TAX COMM.

No. 41417          April 11, 1960          119 So. 2d 378

592

**L. F. Cadenhead, John Brendell,** Houston, Texas; *Charles S. Tindall,* Greenville; *Ralph B. Avery,* Jackson, for appellants.

*John E. Stone,* Jackson, for appellee.

APPELLANTS IN REPLY.

McGEHEE, C. J.

This appeal is from a decree by the Chancery Court of Hinds County in favor of the appellee, State Tax Commission, sustaining an additional franchise tax assessment against the appellant, Trunkline Gas Company, for the years 1955, 1956 and 1957 and against the appellant, Tennessee Gas Transmission Company, for the year 1957, and which two causes were consolidated in the trial court and there is only one appeal here under a stipulation that the decision rendered in one of the cases may likewise be made applicable to the other.

The additional franchise tax assessments were made as hereinbefore stated for the years mentioned respectively, and against an account carried on the books of the two companies respectively as ''deferred federal income

taxes'', and which accounts were carried on the books of the said corporations under the requirements of the federal power commission. The appellants were allowed to pay less federal income tax during the earlier part of the period in which they were taking depreciation for certain assets and to pay larger taxes during the remaining part of such period.

The additional taxes were imposed under the provision of Sections 9314 and 9317, Mississippi Code of 1942 as recompiled, and which statutes provides, among other things that `` * * *; provided, that in computing capital, surplus and undivided profits, there shall be included all true reserves, including all reserves other than for definite known fixed liabilities which do not enhance the value of assets.''

■■ In the provision that taxes be levied against ''all true reserves, including all reserves other than * * *'', we construe the words ''other than'' to have the identical meaning as the word ''except'', ■■ and it is well settled that when anyone is claiming the benefit of an exception under a statute, the proof must be clear that the one claiming the benefit of an exception comes clearly within the same. Neither do we think that these accounts were ''for definite known fixed liabilities which do not enhance the value of assets.''

■■ The two expert witnesses who testified on behalf of the appellants conceded that this money represented by the account for deferred federal income taxes was available for the use of the corporation at all times, and it is evident that in order for the taxpayer to be liable for any income taxes at all during the latter part of the taxable period in question it was necessary that the taxpayer should be making money. It was therefore not for definite known fixed liabilities.

In the case of Monaghan v. Pontotoc Electric Power Association, 116 So. 2d, 827, not yet reported in Mississippi Reports, it was held that exemptions or exceptions from a tax statute are to be construed most

favorably to the State. By analogy this case is persuasive in support of the conclusion that we have reached. We think that the decree of the chancery court sustaining the additional assessments was correct and that the same should be and is affirmed.

Affirmed.

All Justices concur except *Roberds* and *Arrington, JJ.*, who took no part.