ROY NOBLE LEE, Chief Justice,
for the Court:
The State Tax Commission assessed additional franchise taxes against Gencorp, Inc. for the fiscal years ending in November, 1979, 1980, 1981, and 1982. The assessment was appealed to the Board of Review and to the full Commission, where it was upheld. Gencorp appealed to the Chancery Court of Lowndes County, and the chancellor affirmed the Commission’s assessment and entered judgment against Gencorp for seventy-four thousand, six hundred sixty-two dollars ($74,662) Thereupon, an appeal was perfected to this Court by the taxpayer.
Gencorp has assigned three (3) errors in the proceedings below:
I.
THE LOWER COURT ERRED IN FINDING THAT THE DEFERRED FEDERAL INCOME TAX ACCOUNT, THE DEFERRED STATE AND LOCAL INCOME TAX ACCOUNT, THE ACCOUNT FOR PROVISION FOR PLANT SHUTDOWN AND THE WORKMEN’S COMPENSATION CLAIMS PAYABLE ACCOUNT OF GENCORP, INC., INVOLVED CONTINGENCIES, AND THAT THESE ACCOUNTS ARE PROPERLY INCLUDED IN THE FRANCHISE TAX BASE WITHIN THE MEANING OF MCA § 27-13-9 (SUPP. 1984), AND ARE NOT EXCLUDABLE FROM THE FRANCHISE TAX BASE AS RESERVES REPRESENTING “DEFINITE KNOWN FIXED LIABILITIES.”
II.
THE LOWER COURT ERRED IN FAILING TO FIND THAT THE BOOK VAL *658 UE AS REGULARLY EMPLOYED BY GENCORP, INC. IN CONDUCTING ITS AFFAIRS WAS PRIMA FACIE CORRECT AND THAT ITS BOOKS DID REPRESENT THE TRUE VALUE OF THE CAPITAL OF GENCORP, INC., FOR FRANCHISE TAX PURPOSES.
HL
THE LOWER COURT ERRED IN FINDING THAT IN ADMINISTERING FRANCHISE TAX, THE MISSISSIPPI STATE TAX COMMISSION HAS HISTORICALLY AND CONSISTENTLY CONSTRUED THE TERM “DEFINITE KNOWN FIXED LIABILITIES” NOT TO INCLUDE ANY ACCOUNT THAT REPRESENTS A CONTINGENCY OR AN ESTIMATE OF LIABILITY IN COMPUTING THE FRANCHISE TAX BASE.
The combined errors assigned present a single issue of whether or not four (4) accounts, carried as liability accounts by Gencorp, Inc. for the period in question, were properly includable in corporation’s statutorily defined capital, which serves as the basis for the imposition of the franchise tax. The accounts follow:
(1) Deferred Federal Income Tax Account
(2) Deferred State and Local Income Tax Account
(3) Workers’ Compensation Claims Payable Account
(4) Provision for Plant Shutdown Account.

Facts

The case was heard and decided by the lower court on the following stipulated facts:
During the relevant tax years for which an additional assessment was made (the company’s fiscal years ending November 30, 1979, 1980, 1981, and 1982) Gencorp was a corporation organized in Ohio, maintaining its principal office in Akron, Ohio, and qualified to do business in Mississippi. Gencorp was engaged in the business of manufacturing wall covering and related products at its plant in Columbus, MS.
In October, 1983, the State Tax Commission’s Bureau of Audit carried out an audit of Gencorp’s combined income and franchise returns for the years 1979 through 1982 and made an assessment for additional franchise tax in the amount of $46,727.00 plus interest of $12,918.00 for a total deficiency of $59,645.00. This assessment was based on accounts which Gencorp carried as liabilities on its books but which the auditor considered capital within the meaning of the franchise tax law, MCA §§ 27-13-9, 27-13-11 (1972), and therefore subject to inclusion in the base on which the franchise tax was computed.
The accounts which resulted in the Commission’s assessment of additional tax were the Deferred Federal Income Tax Account, Deferred State and Local Income Tax Account and the Account for Plant Shutdown. The additional assessment also included an adjustment in the ratio by which the franchise tax base is apportioned to Mississippi, but that ratio adjustment is not an issue in the case sub judice. In its appeal of the assessment, Gencorp also challenged the inclusion of the (3) Workers’ Compensation Claims Payable account in the franchise tax base. Gencorp had included the Workers’ Compensation Claims Payable account in its franchise tax base when filing its franchise tax return for the years in question. The Tax Commission’s Board of Review reduced the additional assessment by $302.00. The State Tax Commission, by order of August 29, 1984, affirmed the assessment as modified by the Board of Review and increased the interest by $4,056.00 for a total assessment of $63,-399.00.
During the relevant years, Gencorp carried the following accounts as liabilities and argued at trial that these accounts did not represent capital and should not, therefore, have been included in the franchise tax base:
(1) Income Taxes. During the period in question, Gencorp used the accelerated method of depreciation for the purpose of computing income taxes, but it used the *659 straight-line method of depreciation as required by generally accepted accounting principles (GAAP) to maintain its financial statements and books. As a result of using the two methods of depreciation, financial accounting income was higher and the amount of tax which would have been owed under the straight line method was greater than taxes actually shown, paid, or owed on Gencorp’s federal and state income tax returns. To account for this difference between the taxes actually paid and the amount that would have been paid if the straight-line method of depreciation had also been used for tax purposes, Gencorp set up two deferred income tax accounts (one for Federal Income Tax and one for State and Local Income Tax).
(2) Workers’ Compensation Claims Payable Account. Gencorp used a self insurance plan for providing for workers’ compensation. The company estimated its claim liability and carried the estimated amount as a liability account for each fiscal year. It should be noted that Gencorp included this account in its capital when computing its franchise tax. It was only after the additional assessment was made for the deferred income tax accounts and the shutdown accounts that Gencorp challenged the propriety of including the workers’ compensation payable account in the franchise tax base.
(3) Account for Loss Expected to be Incurred from Plant Shutdown. Gencorp had implemented a program of shutting down costly and inefficient tire manufacturing plants due to adverse economic conditions experienced by the tire industry. During the last fiscal year (December 1, 1981-November 30, 1982) of the period in question (1979-1982), Gencorp initiated a liability account which reserved funds for the anticipated costs of shutdown.
In computing its franchise tax base for the calculation of franchise taxes for the years in question, Gencorp included the workers’ compensation payable account, but omitted the two income tax accounts and the plant shutdown account. The State Tax Commission took the position that all of these accounts are includable in the franchise tax base and the chancellor affirmed the Tax Commission’s decision.

Law

During the period of the assessment in question, the two sections of the franchise statute on which this appeal must be decided provided as follows:
§ 27-13-9. Basis of valuation.
The tax imposed, levied, and assessed, under the provisions of this chapter, shall be calculated on the basis of the value of the. capital employed in this state for the year preceding the date of filing the return, whether a calendar year, or fiscal year, except where otherwise provided in this chapter, measured by the combined issued and outstanding capital stock, surplus and undivided profits; provided, that in computing capital, surplus and undivided profits, there shall be included all true reserves, including all reserves other than for definite known fixed liabilities which do not enhance the value of assets; and amounts designated for the payment of dividends shall not be excluded from such calculations, until such amounts are definitely and irrevocably placed to the credit of stockholders, subject to withdrawal on demand; provided, however, there shall not be included in the value of the capital stock any sums representing debts, notes, bonds and mortgages due and payable; nor depreciation reserves, bad debt reserves, nor reserves representing valuation accounts. But in no case shall the franchise tax so computed be less than ten dollars for the period covering which the return is filed. In no case shall the determined capital in Mississippi be less than the assessed value of the real estate and tangible personal property in Mississippi for the year preceding the year in which the return is due.
MCA § 27-13-9 (1972) (Emphasis added). § 27-13-11. Book value.
In all cases for the purpose of determining the amount of capital, the book value as regularly employed in conducting the affairs of the corporation *660 shall be accepted as prima fade correct as to the true capital of the organization.
If any organization has cause to believe the calculations required on the return prescribed are not sufficiently informative or do not properly reveal the true franchise or excise tax to be due as measured by the value of the capital of that organization, or shall feel aggrieved at the requirements upon it for information or tax, then such organization shall have the right to file with the commissioner a petition and affidavit signed as returns are by this chapter required to be signed, setting forth the facts showing the true value of the capital.
MCA § 27-13-11 (1972) (Emphasis added). It should be noted that in 1985, §§ 27-13-9 and 27-13-11 were amended “to clarify the original legislative intent to include certain accounts in the franchise tax base.”
In his opinion affirming the Tax Commission, the chancellor said:
Are subject Taxpayer’s accounts of such character to be reserved accounts for “definite known fixed liabilities” and, therefore, excepted from the Taxpayer’s franchise tax base as intended by the Legislature and as interpreted by our Supreme Court? This Court thinks not. Historically, the Commission, in administering franchise tax, has consistently construed the term “definite known fixed liabilities” not to exclude from the franchise tax base any account that represents a contingency liability or an estimate of liability. This principle was clearly announced and accepted as the legislative intent in the case of Trunkline Gas Company v. Mississippi State Tax Commission, 238 Miss. 591, 119 So. 2d 378 (1960).
In Trunkline, tax assessments were made against an account carried on the books of companies as “deferred Federal income taxes” and were carried under the requirements of the Federal Power Commission. As in the case sub judice, the appellants there were allowed to pay less federal income tax during the earlier part of the period in which they were taking depreciation for certain assets and to pay larger taxes during the remaining part of such period. The Court said:
In the provision that taxes be levied against “all true reserves, including all reserves other than * * * ”, we construe the words “other than” to have the identical meaning as the word “except”, and it is well settled that when anyone is claiming the benefit of an exception under a statute, the proof must be clear that the one claiming the benefit of an exception comes clearly within the same. Neither do we think that these accounts were “for definite known fixed liabilities which do not enhance the value of assets.”
The two expert witnesses who testified on behalf of the appellants conceded that this money represented by the account for deferred federal income taxes was available for the use of the corporation at all times, and it is evidence that in order for the taxpayer to be liable for any income taxes at all during the latter part of the taxable period in question it was necessary that the taxpayer should be making money. It was therefore not for definite known fixed liabilities.
In the case of Monaghan v. Pontotoc Electric Power Association, [237 Miss. 883,] 116 So.2d 827, [(1960),] ... it was held that exemptions or exceptions from a tax statute are to be construed most favorably to the State. By analogy this case is persuasive in support of the conclusion that we have reached. We think that the decree of the chancery court sustaining the additional assessments was correct and that the same should be and is affirmed.
119 So.2d at 379.
The four accounts questioned in the present case are carried as liabilities in accordance with GAAP which the company is required to do by the Securities and Exchange Commission. There is no money in these accounts and the amounts in them serve only as a deduction from net income which, in turn, reduces retained earnings. The funds represented by these accounts are available for use by the taxpayer at all *661 times. It is conceivable that Gencorp will never have to pay the amounts represented by these estimated accounts. Trunkline mandates that the accounts fail to meet the statutory test for exclusion from the franchise tax base because none of them are “for definite known fixed liabilities which do not enhance the value of assets.” As in Trunkline, Gencorp’s two deferred income tax accounts would not become due and payable in future years unless the taxpayer were making money; the workers’ compensation account would not become due and payable until claims were made against the company; and the plant shutdown amounts would not become due and payable until plants were shut down and losses incurred in consequence of the shutdown.
In Mississippi State Tax Commission v. Dyer Investment Co., Inc., 507 So.2d 1287 (Miss.1987), this Court approved the principle that funds which are presently available for use by the corporation are subject to franchise tax. In Dyer, the corporate taxpayer had not included in its capital two accounts labeled “Deferred Gain” which were incident to an installment sale. The “Deferred Gain” accounts represented promissory notes. In deciding that the accounts were not subject to additional franchise tax as assessed by the Commission, this Court made clear that it is not how an account is labeled that is determinative of its includability in the franchise tax base, but, rather, it is “the nature of that account and the rights (the taxpayer) has in the equity it represents.” 507 So.2d 1287, 1291. The Court further said: “We consider that which underlies the label 'undivided profits’ to be limited to sums which have come into the possession and control of the taxpayer and which are presently available for division and distribution among the shareholders.” 507 So.2d 1287, 1291.
We are of the opinion that the learned chancellor correctly held that the statutes and decisions of this Court specifically require inclusion of the questioned accounts in Gencorp’s tax base and, therefore, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.