TATE, Judge.
Plaintiff appeals from dismissal after trial of its suit against the Collector of Revenue under LSA-R.S. .47:1576 to recover $284.70 of corporation franchise ’ taxes for 1950 paid under protest.
• The Louisiana Corporation ■ Franchise Tax Law, LSA-R.S. 47:6Q1-616, imposes a tax on corporations doing business in Louisiana for the privilege of so doing. The measure of this tax is the amount of the “capital stock, surplus, undivided profits, and borrowed[1] capital”, LSA-R.S. 47:601, employed in Louisiana, determined as set forth in said Act. The rate of the tax is $1.50 per thousand dollars aggregate valuation of these items, thus determined.
The National Manufacture and Stores Corporation (hereinafter denoted as “National”), is engaged in the business of selling household furnishings and fixtures at retail. Ninety-two per cent of its national sales are made on the installment credit plan, mostly payable over a period of twelve to fourteen months. These installment sales are reflected on National’s books as “Accounts Receivable” on the “Assets” side of the ledger. Approximately 40% of the large balance shown as “Accounts Receivable” represent profits that will not be collected until the accounts are paid and are represented on National’s books ■ as “unrealized profits” on the Liabilities'and .Capital side of the ledger. ■ . ...
National’s 1950 corporation franchise return included the following valuations:
Under “Assets”:
“Accounts Receivable . $5,412,358.22 “Less Reserve for Bad
Debts” .!.... .402,624.27 (Net Value of “Accounts Receivable” Under “Assets” : $5,016,566.06)
Under “Liabilities and Capital”:
“Unrealized Profits” (on installment sales) . 2,215,794.13
Reserve for federal income taxes on “Unrealized profits” . 899,296.91
The legal controversy herein. revolves about the proper treatment for corporation *240 franchise tax purposes' of these last two italicized items and amounts.
The practical effect of National’s entering these two items on the “Liabilities” side of the ledger was to reduce or offset the value of the “Accounts Receivable” by the amount of these deductions.[1] Accounting-wise, the listing of these items on the corporate balance' sheet as “Liabilities” reduced by the amounts shown the “Surplus”, over the “Capital Stock”; as of course without these deductions to offset the total value of the 'corporation’s listed “Assets”, the surplus over capital is increased to this extent. This, of course, reduced the total sum of “capital stock, surplus, and undivided profits” which is the measure of the tax in question, and accordingly reduced National’s tax liability.
Both parties rely upon their interpretation of LSA-R.S. 47:605 “Surplus and undivided profits”, Subsection A, which insofar as applicable provides: : ■
“A. Determination of voltee. For the purpose of ascertaining the tax imposed in this Chapter; surplus and undivided-profits shall be deemed to have such vahee- as is reflected on the books of the corporation, subject to examination and revision by the collector from the information contained in the report filed by the corporation as hereinafter provided and'from any other information obtained by the collector; but in no event shall such revision reflect the value of any asset in excess of the cost thereof to the taxpayer at the time of acquisition; provided that in no event shall such value be less than is shown on the books of the taxpaying corporation. In computing surplus and undivided profits there shall be excluded such surplus as may be required by court' order to be set aside and segregated in such manner as not to be available for distribution to stockholders or for investment in properties, the earnings from which are distributable to stockholders; provided further that in computing surplus and undivided profits. there shall be included all reserves other than those for definitely fixed liabilities, .reasonable depreciation, bad debts and established valuation reserves, such reserves in all cases to be made under rules and regulations to be prescribed by the collector.” (Italics ours.)
The two items in question do not constitute part of the-surplus under the installment method of accounting by which National’s books are maintained.[2] Therefore, National contends under LSA-R.S. 47:605, subd. A the Collector lacks statutory authority to revise for purposes, of , this tax the value of the surplus as reflected on National’s books by adding these unrealized profits which are “in excess of the cost” of the asset to the taxpayer.
In our opinion, the Collector properly recomputed National’s corporation franchise tax liability by adding to “surplus and undivided profits”, the two values on National’s balance sheet denoting (a) “unrealized profits” and (b) the reserve for federal taxes upon such “unrealized prof *241 its.” While “Surplus” is not defined -in the Corporation Franchise Tax Law itself, the Louisiana Business Corporation Law states this definition, LSA-R.S. 12:1, subd. Q: “ ‘Surplus’, means the excess of assets over all liabilities plus capital stock.”[3]
In effect, as to the unearned profits, the Collector’s position is that the arbitrary labelling of a portion of the assets (“accounts receivable”) as a “liability” for the purposes of technical accounting practice, does not as a practical matter transform such assets into a liability. Despite the skillful argument by counsel for National that by definition under installment basis accounting practice, and by National’s corporate by-laws, such “unearned profits” cannot be considered as a surplus, we believe the Collector properly applied for purposes of computing the tax the general statutory definition applicable to all corporations doing business in Louisiana, rather than a specialized or parochial definition of “surplus”.
The Collector is under a mandatory duty to include for franchise tax valuation in “surplus and undivided profits * * * all reserves other than those for definitely fixed liabilities, reasonable depreciation, bad debts and established evaluation reserves,” LSA-R.S. 47:605, subd. A. (Italics ours.) The Collector held these two balance sheet items to be in the nature of accounting reserves other than those thus statutorily exempted from inclusion in the measure of the tax as “surplus and unrealized profits.”
National further asserts that it is impossible to value these long-term “accounts receivable” at their cash value, and inequitable to value them for tax purposes at their full face value due to the possibility of non-collection over their extended term. Based upon such reasons, our National Congress for federal income tax payments permits deferring pro rata by installments of income tax liability until the installment payments are actually received. However, no such provisions exist in our corporation franchise tax.
Further, considering the function of the corporation franchise tax as an excise upon the privilege of doing corporate business in Louisiana measured not by income, but by the net asset value of the corporate structure, such “accounts receivable” (less the bad debt reserve[4] permitted by law) seem to us to be as definitely an asset as any other account receivable, and equally so as to unrecovered costs and unpaid profits.
In effect, National wishes to treat the 40% portion of these “accounts receivable” attributable to profits as having ábsolutcly-no value. This is patently incorrect as a matter of factual economic valuation.
We do not find persuasive in the interpretation of the Louisiana corporation franchise tax the authorities cited to us by National, which involve interpretation of the Texas corporation franchise tax or the “excess profits” provision of the federal income tax, within the context of their statutory intent and setting.
Likewise, the Collector correctly disallowed National’s deduction from the basis of the tax of the sum of $899,296.91 reserved for future income tax liability to be owed on such unrealized profits. National estimates such reserve according to current federal income tax rates. It does not claim that the current income tax rate will be applicable on the profits when realized, or that any federal’income tax liability’ will accrue until such profits are actually realized. The reserve is not for “definitely fixed liabilities”, nor is it within the category of any other reserve exempted from the franchise tax base under LSA-R.S. 47:605, subd. A; see above. The Col *242 lector properly included same in the corporation surplus for purposes of measuring the corporation franchise tax due by National.
For the above and foregoing reasons, the judgment of the District Court is affirmed; costs to be paid by plaintiff-appellant.
Affirmed.

. The total effect ,of.these offsets or reductions claimed by National including the bad debt reserve (which last is not contested by the Collector), was to reduce the value of the “Accounts Receivable” for Corporation Franchise tax purposes from $5,412,858.22 to $1,814,642.-' 31.

. The “installment” basis of accounting was devised especially for purposes of the federal ■ income tax, which in general permits the pro rata allocation of profits to the period during which installments are actually collected for purposes of federal income tax return. It is a variation from the straight “cash” basis of accounting, which is based upon the amounts actually paid and received, and the “accrual” basis of accounting which shows income earned and' expenses incurred during a given period, although such expenses or income may not have been actually spent or received in cash during the period. National’s books were maintained on the accrual basis as to expenses, but installment sales accrued as-income only as the installments became due.

. This, we might add, the record reflects to be the usual accounting definition also ; although appellant’s experts alleged without contradiction that the “installment” basis of accounting, more or less by definition, excludes unrealized profits from surplus or undivided profits.

. National alleges that the had debt reserve actually deducted above included only reserve for non-payment of costs, not of profits, and therefore affords it no relief.