CARTER, Judge.
This is an appeal from a trial court judgment affirming the decision of the Board of Tax Appeals in a corporate franchise tax matter.
FACTS
Goudchaux/Maison Blanche, Inc. (Maison Blanche) is a Louisiana corporation engaged in retail sales. Maison Blanche files corporate income and franchise tax returns with the Secretary of the Department of Revenue and Taxation, State of Louisiana (Department). By notice of assessment, dated June 22, 1988, the Department assessed Maison Blanche with an additional $127,400.71 for corporate franchise taxes for 1985, 1986, and 1987.[1] On August 19, *170 1988, Maison Blanche filed a petition with the Board of Tax Appeals (Board) alleging that the Department’s assessments were incorrect in that they included in the franchise tax base certain federal tax accruals which should be excluded under LSA-R.S. 47:603.
At the hearing before the Board, the parties stipulated that Maison Blanche owed a portion of the assessment.[2] After the hearing, the Board rendered judgment in favor of Maison Blanche and against the Department dismissing the remainder of the assessment. Thereafter, the Department filed a petition for review in the 19th Judicial District Court. The trial court, after careful review of the entire matter, rendered judgment in favor of Maison Blanche and against the Department, affirming the decision of the Board.
From this adverse judgment, the Department appeals raising the following issues:
1. Whether an account on a taxpayer’s books, entitled “deferral of federal income taxes” constitutes a reserve in-cludable in the taxpayer’s tax base under LSA-R.S. 47:605.
2. Whether accruals or deferrals of federal income taxes to be paid in the future constitute a definitely fixed liability or represent a contingent future liability.
DISCUSSION
The Louisiana Corporation Franchise Tax Law, LSA-R.S. 47:601-617, imposes a tax on corporations doing business in Louisiana for the privilege of so doing. The measure of this tax is the amount of the “capital stock, surplus, undivided profits, and borrowed capital,” employed in Louisiana, with such rate of the tax set at $3.00 per thousand dollars aggregate valuation of these items. LSA-R.S. 47:601.
Borrowed capital is defined in LSA-R.S. 47:603, in pertinent part, as follows:
As used in this Chapter, “borrowed capital” means all indebtedness of a corporation, subject to the provisions of this Chapter, maturing more than one year from the date incurred, or which is not paid within one year from the date incurred regardless of maturity date. As to any indebtedness which is extended, renewed, or re-financed, the date such indebtedness was originally incurred or contracted shall be considered for the purpose of this definition the date incurred or contracted....
The following indebtedness shall be excluded:
(1) Federal, state and local tax accruals or taxes due and not delinquent more than thirty days. (Emphasis added).
Surplus and undivided profits are defined in LSA-R.S. 47:605 A, in pertinent part, as follows:
For the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the corporation, subject to examination and revision by the collector from the information contained in the report filed by the corporation as hereinafter provided and from any other information obtained by the collector; but in no event shall such revision reflect the value of any asset in excess of the cost thereof to the taxpayer at the time of acquisition. ...
[I]n computing surplus and undivided profits there shall be included all reserves other than those for definitely fixed■ liabilities, reasonable depreciation (including in reasonable depreciation, at taxpayer’s election, amortization of a war, defense or other emergency facility taken by and allowable to a taxpayer for income tax purposes under R.S. 47:65, provided such amortization is recorded on the books of the taxpayer), bad debts and established valuation re *171 serves such reserves in all cases to be made under rules and regulations to be prescribed by the collector. (Emphasis added).
Pursuant to its authority to make rules and regulations, the Department promulgated LAC 61:1.305 A, which addresses surplus and undivided profits and provides, in pertinent part, as follows:
There must be included in the franchise taxable base determined in the manner heretofore described, all reserves other than those for:
definitely fixed liabilities;
reasonable depreciation (or amortization), but only to the extent recorded on the books of the taxpayer, except as noted in the following paragraphs with respect to taxpayers subject to regulations of governmental agencies controlling the books of such taxpayers;
bad debts; and
other established valuation reserves.
No deduction from surplus and undivided profits shall be made with respect to any reserve for contingencies of any nature, without regard to whether the reserve is partially or fully funded. Reserves for future liability for income taxes shall not be excluded from the tax base. Deferred federal income tax accounts may be netted in determining the amount of reserve to be included in the taxable base. Reserves for fixed liabilities shall be included in taxable base to the extent that they constitute borrowed capital under the provisions of R.S. 47:603 and the regulations issued thereunder.
At the hearing before the Board, three expert witnesses testified. Maison Blanche presented the testimony of their corporate comptroller, Rick Welch, and Lawrence Berdon, a CPA with Postlethwaite and Net-terville, a Baton Rouge CPA firm. The Department’s expert was Richard Leger, a corporate auditor for the Department.
Leger explained that he included the deferred income tax in his calculations of Maison Blanche’s franchise tax base. Leger reasoned that LSA-R.S. 47:603, which excludes from borrowed capital all “federal, state and local tax accruals or taxes due and not delinquent more than thirty days,” does not exclude Maison Blanche’s deferred income taxes. No explanation for such conclusion was supplied by Leger.
Welch explained that tax accrual is simply “applying a statutory tax rate to the financial earnings of the company” (as opposed to actual earnings). Berdon testified • that there are two types of tax accruals, current and deferred, which are current liabilities. Deferred income tax accounts represent the timing differences which result under the accrual method of accounting according to Welch. Berdon further explained that tax accruals are neither capital stock, surplus, undivided profit, nor retained' earnings. Tax accruals are also not a reserve in that the term reserves means the impairment of an asset, which taxes are not.
Based upon the evidence presented before the Board, we find that the testimony established that tax accruals are not surplus or undivided profits. Therefore, LSA-R.S. 47:605 and LAC 61:1.305 are inapplicable. Furthermore, the testimony of Maison Blanche’s experts, which was unrebutted, established that deferred income taxes are the current liabilities of a firm and are, therefore, borrowed capital under LSA-R.S. 47:603.
Accordingly, we find that, based upon the evidence, the trial court was correct in affirming the Board’s decision.
CONCLUSION
For the above reasons, the judgment of the trial court, affirming the Board’s decision, is affirmed. The Department is cast for costs on appeal in the amount of $281.35.
AFFIRMED.
SHORTESS, J., concurs with a Statement.

. The total alleged tax obligation was itemized as follows:
[[Image here]]

. The judgment reflects that Maison Blanche owed $5,100.00 in taxes, plus interest. This portion of the judgment is not at issue on appeal.