IzSHORTESS, Judge.
BellSouth Telecommunications, Inc.[1] (plaintiff), is a regulated public utility in the business of providing local telephone service in Louisiana and elsewhere. Plaintiff paid a Louisiana corporation franchise tax in the amount of $1,336,439.00 under protest to the Louisiana Department of Revenue and Taxation [2] (defendant) on April 19,1990. On May 15, 1990, plaintiff filed suit to demand the return of the taxes paid. Trial on the merits was conducted on September 21-22, 1995. The court allowed post-trial briefs to be submitted as well as additional arguments. On May 16, 1996, the trial court rendered judgment in favor of defendant and found the amount paid by plaintiff was a proper tax. From this decision, plaintiff appeals.
Plaintiff raises four assignments of error: 1) The trial court erred in finding the taxes accrued by plaintiff did not constitute federal, state and local tax accruals under Louisiana Revised Statute 47:603(1); 2) The trial court erred in finding the taxes accrued by plaintiff did not constitute a reserve for definitely-fixed liability under Revised Statute 47:605(A); 3) The trial court ignored the express wording of Revised Statute 47:603(1) in finding plaintiffs deferred taxes did not constitute indebtedness under Revised Statute 47:603; and 4) The trial court’s decision violated plaintiffs right to equal protection.
DISCUSSION
Louisiana imposes a franchise tax on all corporations doing business in the state, which is based on a corporation’s taxable capital.[3] This tax is an annual tax computed at a rate of $3.00 for each $1,000.00 on the amount of capital stock, surplus, undivided profits, and borrowed capital the corporation has in the state.[4]
|3Revised Statute 47:603 defines “borrowed capital,” which provides in pertinent part:
As used in this Chapter, “borrowed capital” means all indebtedness of a corporation, subject to the provisions of this Chapter, maturing more than one year from the date incurred, or which is not paid within one year from the date incurred regardless of maturity date. As to any indebtedness which is extended, renewed, or re-financed, the date such indebtedness was originally incurred or contracted shall be considered for. the purpose of this definition the date incurred or contracted....
The following indebtedness shall be excluded:
(1) Federal, state and local tax accruals or taxes due and not delinquent more than thirty days.
(Emphasis added.)
Revised Statute 47:605(A) defines surplus and undivided profits, which provides in pertinent part:
For the purpose of ascertaining the tax imposed in this Chapter, surplus and undivided profits shall be deemed to have such value as is reflected on the books of the eoxporation, subject to examination and revision by the collector from the information contained in the report filed by the corporation as hereinafter provided and from any other information obtained by the collector; but in no event shall such revision reflect the value of any asset in excess of *280 the cost thereof to the taxpayer at the time of acquisition....
[[Image here]]
[Pjrovided further that in computing surplus and undivided profits there shall be included all reserves other than those for definitely fixed liabilities, ... such reserves in all cases to be made under rules and regulations to be prescribed by the collector.
(Emphasis added.)
Pursuant to its authority to make rules, defendant promulgated Regulation L.A.C. 61:I.305(A), which also addresses surplus and undivided profits, in pertinent part as follows:
There must be included in the franchise taxable base determined in the manner heretofore described, all reserves other than those for:
definitely fixed liabilities;
reasonable depreciation (or amortization), but only to the extent recorded on the books of the taxpayer, except as noted in the following paragraphs with respect to taxpayers subject to regulations of governmental agencies controlling the books of such taxpayers; ...
No deduction from surplus and undivided profits shall be made with respect to any reserve for contingencies of any nature, without regard to whether the reserve is partially or fully funded. Reserves for future liability for income taxes shall not be excluded from the tax base. Deferred federal income tax accounts may be netted in determining the amount of reserve to be included in the taxable base.
l4Reserves for fixed liabilities shall be included in the taxable base to the extent that they constitute borrowed capital under the provisions of R.S. 47:603 and the regulations issued thereunder.
(Emphasis added.)
Plaintiff contends it uses the accrual method of accounting, thus its accrued taxes are excluded from “borrowed capital” under Revised Statute 47:603. Plaintiff alleges because it was certain its deferred taxes eventually would either be paid to the government or refunded to its customers if not paid as taxes, its deferred tax accounts constituted tax accruals. Plaintiff further maintains the taxes accrued constituted a reserve for definitely-fixed liabilities, for at the time deferred taxes accrued, a “certain” amount of the liability arises. Finally, plaintiff argues the deferred taxes constituted indebtedness, for it was liable for the taxes in question.
Plaintiffs witness, Susan Smith Creel, the Director of Income Tax for plaintiff, explained at trial how the amount in dispute arose. She testified plaintiff used the straight-line method of depreciation (whereby the cost of the asset is recovered ratably over the useful life of the asset) for the purposes of financial accounting. However, plaintiff used the accelerated method of depreciation (whereby more depreciation is recognized in the first years of the useful life of the asset than in the last years of the asset) for purposes of tax accounting. Creel further explained when plaintiff computes its rate to charge its customers, inclusive in that rate is the cost of depreciation, among other things. Due to the different methods of depreciation used, customers pay a higher tax in the earlier years of depreciation than what plaintiff actually paid to the government. Consequently, the difference in the amount actually paid to the government and the amount customers paid created a non-current deferred tax. Creel stated at trial:
Q. So the deferred tax liability account is really just a record of taxes that are going to be paid in the future and once those taxes are paid, it reflects it by a zero balance?
A. That’s correct.
The trial court found: “None of the amounts in BellSouth’s ‘deferred income taxes’ account are taxes that have accrued with respect to income earned in the current taxable year or some prior taxable years. Those amounts all relate to ‘accrued expense for future taxes’ — to what the Department’s Regulation L.A.C. |ii61:I.S05(A)(l) describes as a ‘reserve for future liability for income taxes.’ ” We find this reasoning correct. As referenced above, plaintiff’s own witness testified the amount collected for taxes was due *281 in the future. Thus, the amount in question does not satisfy any of the exclusions allowed for borrowed capital, for the amount in question was not a debt which was owed at the time money was collected, but income.
Plaintiff asserts it should be distinguished from the supreme court’s holding in Goud-chaux/Maison Blanche v. Broussard,[5] where the court found Goudehaux’s deferred federal income taxes were not tax accruals nor reserves for definitely-fixed liabilities. The court held these amounts fell within the definition of surplus and undivided profits and were properly included with the franchise tax base.[6] Plaintiff contends Goudehaux’s deferred taxes were taxable because they were deferred under the installment-sales method and not the tax-accrual method, which is a major distinction, for plaintiffs deferred taxes were collected under the tax-accrual method. We agree that plaintiffs case should be distinguished from Goudchaux because its taxes were not collected under the installment-sales method.
In Goudchaux, the supreme court stated, “the exclusion for ‘tax accruals’ under Revised Statute 47:603 must be strictly construed to apply only to taxes accrued under the aecx’ual method and not to taxes deferred under the installment sales method,”[7] which is a correct premise plaintiff asserts. However, the court also stated:
Under the accrual method of accounting, it is the right to receive an amount and not the actual receipt that determines the inclusion of the amount in gross income. When the right to receive an amount becomes fixed, the right accrues. Ordinairily, actual receipt and payment is irrelevant to the determination of tax liability. The test is whether all the events have occurred in that year which fix the amount and the fact of the taxpayer’s liability.[8]
(Bold emphasis added; citations omitted.)
|sBlack’s Law Dictionary[9] defines “accrue” as “[t]o come into existence as an enforceable claim; to arise.” Here, the right to accrue does not come into existence at the time plaintiff receives the “deferred taxes” from its customers. When plaintiff collects the amount in question, the debt or tax is not owed to the government, meaning it has not come into existence. Due to the difference in accounting methods used by plaintiff, customers pay taxes although these “taxes” are not due to the government until later years; or in the ease where the Louisiana Public Service Commission finds plaintiffs rates have been too high, the “taxes” are refunded to the customer. However, in either case, the amount in question is not due until succeeding years. Although plaintiff has “actually” received the money, the right to keep it does not become fixed until subsequent years.
The court in Goudchaux, went on to state:
Tax accruals are true indebtedness, since liability for those taxes has attached at the time of sale, regardless of whether payment is ever received. By contrast, deferred taxes under the installment sales method are mere contingent or potential liabilities. Under that method, the taxpayer is only liable for income taxes as each installment is paid. If the installments are not paid, the taxpayer under that method would never be liable for the deferred taxes.[10]
Liability for plaintiffs taxes had not attached at the time payment was received. Therefore, the deferred taxes plaintiff collected are easily distinguishable from the taxes which the court in Goudchaux characterizes as “true indebtedness.” Although plaintiffs deferred taxes were not collected under the installment-sales method, the money still does not qualify as tax accruals. As defined by defendant’s regulation, we agree with the trial court’s holding that plaintiffs “reserves [are] for future tax liabilities, or ‘deferred *282 income taxes’ [and] are not accrued taxes because they are not liabilities (‘indebtedness’) and can only constitute ‘surplus and undivided profits[.]’” Thus, plaintiffs deferred income taxes are taxable, and it is not entitled to a refund of its taxes paid under protest.
Finally, we do not find the trial court’s decision violates plaintiffs right to equal protection. Plaintiff refers to Allegheny Pittsburgh Coal Co. v. County Comm’n,[11] where the Supreme Court holds a state is permitted to draw distinctions between persons for tax purposes, but those distinctions may be neither arbitrary nor capricious, and they must be reasonable. Plaintiff is a regulated business afforded various distinctions from private corporations because of the nature of its business. We find allowing defendant to tax plaintiff is a distinction that is neither arbitrary nor capricious, but one that is mandated by law and the jurisprudence.
Based upon the evidence presented to the trial court, we find the testimony established the deferred taxes were not tax accruals, nor definitely-fixed liabilities nor indebtedness, but surplus or undivided profits. Thus, the non-current liabilities were borrowed capital under Revised Statute 47:603. Nor did the trial court’s decision violate plaintiffs right of equal protection.
CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. Plaintiff is cast for costs of this appeal.
AFFIRMED.

. On January 23, 1992, the original petitioner merged with Southern Bell Telephone and Telegraph Company and changed its name from South Central Bell Telephone Company to Bell-South Telecommunications, Inc.

. The actual defendant is John Neely Kennedy, Secretary of the Department of Revenue and Taxation, State of Louisiana. John Neely Kennedy was properly substituted as the current Secretary of Revenue and Taxation for the previous Secretary.

. Louisiana Revised Statute 47:601(A) provides in pertinent part:
Every domestic corporation and every foreign corporation, exercising its charter, or qualified to do business or actually doing business in this state ... shall pay an annual tax at the rate of $3.00 for each $1,000.00, or major fraction thereof on the amount of its capital stock, surplus, undivided profits, and borrowed capital....

. Id.

. Goudchaux/Maison Blanche v. Broussard, 590 So.2d 1159, 1163 (La.1991).

. Id.

. Id. at 1 ] 62.

.Id. at 1161.

. Black’s Law Dictionary 10 (Bryan A. Gamer ed., West Publishing Company 1996).

. Goudchaux, 590 So.2d at 1162.

. Allegheny Pittsburgh Coal Co. v. County Comm’n, 488 U.S. 336, 109 S.Ct 633, 102 L.Ed.2d 688 (1989).