J^FOIL, J.
The only issue in this appeal is whether the trial court properly construed the term “oil” for the purpose of a tax assessment. We find no error in the trial court’s construction of the term, and affirm.
BACKGROUND
In September of 1995, the Department of Revenue and Taxation (Department) audited Shell Pipeline Corporation’s pipeline operations within the state of Louisiana and assessed it with additional taxes of over a million dollars for the years 1992-1994. Shell paid the taxes under protest and filed this lawsuit on August 6, 1996, seeking a refund.
One of the major issues in the litigation is whether revenue derived from Shell’s pipeline operations that transport chemicals and other finished and semi-finished products derived from crude oil is subject to the Transportation and Communication Tax, La. R.S. 47:1001 et seq. (T&C Tax). The T&C tax law defines the term “pipe fines” to mean “any person engaging in the business of transporting oil within this state for hire.” La. R.S. 47:1003. The Department took the position that the term “oil” for the purposes of the T&C tax included all products derived from oil, while Shell insisted that the term was limited to the transport of crude oil.
The Department filed a motion for summary judgment raising three issues, one of them the proper construction to be given to the term “oil.” Shell filed a cross-motion for a partial summary judgment addressing the issue of whether chemical products were included in the definition of “oil.”
The trial judge granted Shell’s motion for partial summary judgment, holding that the term “oil” should not be read so broadly as to include products refined from oil. The Department appealed to this court, which initially dismissed the appeal because the trial court did not designate the judgment as immediately ap-pealable pursuant to La.Code Civ. P. art. 1915B. Shell Pipe Line Corporation v. Kennedy, 00-0948 (La.App. 1 Cir. 10/26/00). The Department then sought writs before the Louisiana | ^Supreme Court, which granted certiorari for the sole purpose of considering whether the appeal was properly dismissed. The Supreme Court reinstated the appeal and remanded the case to this court for consideration of the appeal on the merits. Shell Pipeline Corporation v. Kennedy, 2000-3207 (La.10/16/01), 799 So.2d 475.
In this appeal, the Department argues that the trial court erred in ruling that the term “oil” does not include crude and refined petroleum products. Shell again urges that the language of the taxing statute is clear: only oil pipelines are subject to the T&C tax.
The parties’ respective positions were succinctly set forth in the trial court’s written reasons for judgment. The trial court felt that both constructions given to the term “oil” were reasonable. In granting Shell’s motion, the trial court applied the well-settled rule that taxing statutes must be strictly construed against the taxing authority, and, where they are susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. We believe the trial *905 court correctly applied the law in this case, and we adopt the trial court’s written reasons on the proper construction to be given to the term “oil” as our own, as reflected in the copy attached to this opinion. All costs of this appeal, in the amount of $675.00, are assessed to the State of Louisiana through the Department of Revenue and Taxation.
AFFIRMED.
J±
ATTACHMENT
SHELL PIPELINE CORPORATION
VS.
JOHN KENNEDY, DEPARTMENT OF REVENUE AND TAXATION
NO. 430,144 — DIVISION H
19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
REASONS FOR JUDGMENT
This matter has come before the Court on a Motion for Summary Judgment filed by the Department of Revenue and a Cross Motion for Summary Judgment filed by Shell Pipeline.
As a result of an audit performed by the Department of Revenue a Transportation and Communication Utilities tax (T&C) for the period of January 1, 1992 — December 31, 1994 was assessed to Shell Pipeline. Shell paid the tax under protest and filed this suit.
There are two issues for the Court to resolve. First, is the term “oil”, as used in La.R.S. 47:1001 et seq., to be defined so broadly as to include finished or semifin-ished products derived from “oil”. Second, how are “gross receipts” defined.
The statute at issue here, 47:1001, provides:
“Every person owning or operating... any public utility... shall... pay a license tax... of 2% of the gross receipts...”
47:1003(1) defines “public utilities” to include “pipelines”.
47:1003(10) defines “pipelines” as:
“any person engaged in the business of transporting oil within the state for hire.”
The State takes the position that “oil” should be defined as “crude and refined petroleum products” referring the Court to the definition in Random House Dictionary.
Further, the Department of Revenue argues that because 47:1003 cross references 45:251, which deals with common carriers, and defines “petroleum” broadly to include: “crude petroleum, crude petroleum products, distillate, condensate, liquefied petroleum gas, any hydrocarbon in a liquid state, any product in a liquid state...” then the term “oil” should likewise be broadly defined to include similar products derived from oil.
Shell, on the other hand, takes the position that the term “oil” is not to be read so broadly as to include those products | ^derived from “oil”. First, they argue that the Department of Revenue has continuously audited Shell’s tax records over several decades and the audit of 1992-1994 tax years was the first time this T&C tax applied to anything other than their “oil” pipelines. Presumably their use of “oil” here is referring to only pure oil in it’s natural unrefined state.
Further, Shell argues that just as 45:251, defining petroleum, has been amended and refined over the years to include a broad definition of petroleum, the T&C statute has been revised over the years but the term “oil” has never been *906 expanded or revised at all. The revision of 45:251 shows that the legislature knew how to expand the definition of petroleum and could similarly have done the same to “oil” had that been their intent.
After reading all the memorandums and attachments, this court is of the opinion that although the term “oil” may appear to be clear and unambiguous. — how broadly this term should be construed is not clear from the statute or the legislative history. And therefore, either position could be a reasonable interpretation.
For that reason, this Court will rely on the well-settled rule that “... taxing statutes must be strictly construed against the taxing authority... where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted.” Goudchaux/Maison Blanche v. Broussard 590 So.2d 1159 (La.1991) citing, Collector or Revenue v. Wells Fargo Leasing 393 So.2d 1244 (La.1981) and Chicago Bridge and Iron Co. v. Cocreham 317 So.2d 605 (La.1975).
Therefore, the Court finds in Shell’s favor and holds that “oil” is not to be read so broadly as to include products refined from oil. Shell’s Motion for Partial Summary Judgment is Granted.
Regarding the issue of gross receipts, “gross receipts” are defined in 47:1003(ll)(a) as “the total amount of billings for services rendered and all receipts from business beginning and ending within the state.”
“Allowance oil” is a small percentage of the oil shipped to a customer, approximately .2%, that is lost in the pipeline and is never received by the customer. Shell seems to argue that this ^“allowance oil” should not be taxed because it is not received by the customer and therefore is not a “receipt” according to the tax statute.
It is this Court’s understanding that the Department taxes Shell on what is billed to the customers. Shell bills the customers for X amount of oil delivered, this amount billed has already taken into consideration that the “allowance oil” will not be received. And thus because the “allowance oil” has already been considered, Shell is only billing for what is in fact received by the customer. So the Department is right to tax Shell on their billings. This is entirely consistent with the language of the statute and therefore the Court finds no merit in this argument.
For this reason, the Court finds in favor of the Department of Revenue and Grants their Motion for Summary Judgment on the issue of gross receipts.
Baton Rouge, Louisiana, this 4 day of October, 1999.
J. Michael McDonald
Judge, 19th Judicial District Court.