GRAVOIS, J.
*198 Appellant, Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, appeals a judgment of a Louisiana Board of Tax Appeals judge which granted a motion for summary judgment filed by American Multi-Cinema, Inc., a/k/a AMC Theaters,[1] finding that the annual membership fees for AMC's Stubs Rewards Program are not subject to Jefferson Parish sales taxes because those fees are not a taxable "sale of service" for purposes of La. R.S. 47:301(14)(b)(i)(aa). For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
AMC Theaters is a business headquartered in Leawood, Kansas, operating movie theaters nationwide, with three locations in Jefferson Parish.[2] Pertinent to this case, on April 1, 2011, AMC introduced a loyalty rewards program to its patrons called the "Stubs Rewards Program," which allows those patrons who purchase a Stubs Rewards membership for $ 12 per year to accrue "virtual rewards" on the purchases of goods and services at the theaters. For every $ 100 Stubs Rewards members spend on goods and services at AMC, they accrue a virtual reward of $ 10 that they can use toward the future purchase of goods and services at the theaters.[3] [4] Stubs Rewards members also get free upgrades on fountain drinks and popcorn and waiver of certain online ticketing fees.
On June 29, 2015, the Sheriff commenced an audit of AMC's three Jefferson Parish locations for sales/use taxes, for the audit period of June 1, 2011 through May 31, 2015.[5] In its November 2, 2015 audit reports, the Sheriff determined that AMC owed sales taxes on both the sale and the renewal of the membership fees in its Stubs Rewards Program.[6] On December 23, 2015, the Sheriff issued a "Notice of Delinquent Taxes - Formal Assessment" to AMC for each of its Jefferson Parish theater locations, noting the *199 amount of taxes due and notifying AMC that it had thirty calendar days from the date of the notice to appeal to the Board of Tax Appeals for redetermination of the assessments.
Thereafter, AMC filed a "Petition for Redetermination of Formal Assessment" with the Board of Tax Appeals, arguing that the sale of memberships in the Stubs Rewards Program does not constitute the purchase of a taxable service. Following motion practice and discovery, the parties filed cross-motions for summary judgment. After a hearing on the cross-motions for summary judgment, the Board of Tax Appeals judge rendered a written judgment on March 12, 2018 granting AMC's motion for summary judgment.[7] In his judgment, considering the cross-motions for summary judgment, the Board of Tax Appeals judge found that there was no genuine issue of material fact that the annual fees for membership in AMC's Stubs Rewards Program are not subject to Jefferson Parish sales taxes because those fees are not for the sales of tangible personal property or for sales of any taxable services. Further, there was no genuine issue of material fact that those fees are not for admissions to places of amusement, and are not for "the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities" for purposes of La. R.S. 47:301(14)(b)(i)(aa). Additionally, the Board of Tax Appeals judge found that the assessments that were issued on December 23, 2015 were made in error and no additional sales and/or use taxes, penalty, or interest was owed by AMC. This timely appeal followed.[8]
ANALYSIS
After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. King v. Illinois Nat. Ins. Co. , 08-1491 (La. 4/3/09), 9 So.3d 780, 784.
The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).
Appellate courts review summary judgments de novo using the same criteria applied by trial courts to determine whether *200 summary judgment is appropriate. Pizani v. Progressive Ins. Co. , 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. A de novo review or an appeal de novo is an appeal in which the appellate court uses the trial court's record, but reviews the evidence and law without deference to the trial court's rulings. Wooley v. Lucksinger , 06-1140 (La. App. 1 Cir. 12/30/08), 14 So.3d 311, 352 ; Sarasino v. State through Department of Public Safety and Corrections , 16-408 (La. App. 5 Cir. 3/15/17), 215 So.3d 923, 928. The decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. Muller v. Carrier Corp. , 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885.
ASSIGNMENT OF ERROR NUMBER ONE
In his first assignment of error, the Sheriff argues that the Board of Tax Appeals judge erred when he ruled that AMC's sales of the Stubs Rewards Program memberships are not taxable services pursuant to La. R.S. 47:301(14)(b)(i)(aa). The Sheriff contends that the sales of the memberships and the annual renewals thereof are taxable services because the memberships provide the privilege of access to clubs and the privilege of access to or the use of an amusement and entertainment facility. According to the Sheriff, the Stubs Rewards Program is a "club" because participants must be members to receive benefits and are organized for the common purpose of enjoying access to the benefits of membership not available to the general public. The Sheriff also argues that although not exclusive, the Stubs Rewards Program membership provides members with financial and physical benefits of access to and use of the theater facilities not available to non-members.
Taxing statutes must be strictly construed against the taxing authority. Goudchaux/Maison Blanche, Inc. v. Broussard , 590 So.2d 1159, 1161 (La. 1991). Where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is adopted. Id. ; Cleco Evangeline, LLC v. La. Tax Comm'n , 01-2162 (La. 4/3/02), 813 So.2d 351, 356.
Furthermore, words defining a thing to be taxed should not be extended beyond their clear import. Cleco , 813 So.2d at 355. Absent evidence to the contrary, the language of the statute itself must clearly and unambiguously express the intent to apply to the property in question. Unless the words imposing the tax are expressly in the statute, the tax cannot be imposed. Id.
La. R.S. 47:301(14)(b)(i)(aa) defines "sales of services" to mean and include:
The sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges, and universities, and recreational events, and the furnishing, for dues, fees, or other consideration of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic, or recreational facilities. (Emphasis added.)
The Sheriff contends that the Stubs Rewards Program is a "club" within the meaning of La. R.S. 47:301(14)(b)(i)(aa) and as defined in Wal-Mart Stores, Inc. v. Fitch , 36,762 (La. App. 2 Cir. 1/29/03), 836 So.2d 1155, writ denied , 03-0593 (La. 4/25/03), 842 So.2d 411. In Wal-Mart Stores, Inc. , the Second Circuit considered whether memberships to Sam's Clubs were taxable services within the scope and purpose of La. R.S. 47:301(14)(b)(i)(aa). The court found the definition of "club" to *201 be "a group of people organized for a common purpose." Id. at 1158, citing The American Heritage Dictionary of the English Language , Fourth Edition. The Sheriff maintains that the Stubs Rewards Program organizes itself as a "club" since participants must be members to receive benefits, and the program is organized for a common purpose-to enjoy access to the benefits of membership not available to the general public. The Sheriff contends that the statute does not require that the "club" be linked to a physical facility to make the sales of memberships a taxable service, again relying on Wal-mart Stores, Inc. , where the court found that the clause pertaining to the privilege of "access to clubs" was independent of the clause concerning the privilege of having access to or the use of certain types of facilities. Wal-mart Stores, Inc. , 836 So.2d at 1159-60.
In response, AMC argues that to determine the definition of the word "club" as used in the statute, it is necessary to look at the context in which it is used. Although AMC points out that the statute provides that membership fees for the privilege of "access to clubs" would be taxable, it contends that use of the phrase "access to clubs" shows that the statute contemplates that a physical location must be physically entered by an individual for the membership fees to be taxable.
Upon de novo review, we first find the present case distinguishable from Wal-mart Stores, Inc. In Wal-mart Stores, Inc. , after considering the definition of "club" to be "a group of people organized for a common purpose," the court noted that members of Sam's Clubs are recruited and organized into the business structure; their participation is vital to the business; a common purpose of the members is to have access to "a no frills place of business for making purchases of products sold for cheaper prices in bulk"; and through the membership fees, the members pay to have access to a special shopping facility that is not open to the general public. The court stated that although the members might not be acquainted with one another, or have designated times for meetings at the facility, this did not preclude their collective memberships from constituting a "club." Wal-Mart Stores, Inc. , 836 So.2d at 1158. Here, unlike a membership to Sam's Clubs, the Stubs Reward Program is not vital to AMC's business. Also, unlike Sam's Clubs where everyone is required to be a member to have access to and enjoy the benefits that Sam's Clubs provide to its members, members of the general public are not required to be members of AMC's Stubs Reward Program to gain access to or use of the movie theaters. AMC's movie theaters are open to the general public and access to the movie theaters is allowed when a movie ticket is purchased, rather than when a Stubs Rewards membership is purchased.
Further, the court in Wal-mart Stores, Inc. relied solely on the definition of "club." However, in order to determine the context in which the word "club" is used in the statute, it is necessary that we also consider the definition of "access." "Access" is defined as a "way of approach or entry" and a "right or opportunity to reach or use or visit; admittance." The Oxford American Desk Dictionary and Thesaurus , Second Edition, 2001. Considering these definitions, we find that the phrase "access to clubs" as used in this particular statute is not clear and unambiguous. Rather, there are multiple meanings that "access to clubs" could be interpreted to be, including as a "way of approach or entry" or "admittance" to a physical location (i.e. , the subject AMC theaters). Here, as noted above, it is undisputed that members of the general public are not required to purchase a Stubs Rewards Program membership to "approach" or gain "entry"
*202 or "admittance" to the subject theaters. Again, taxing statutes must be strictly construed against the taxing authority; where a tax statute is susceptible of more than one reasonable interpretation, the construction favorable to the taxpayer is to be adopted. Goudchaux/Maison Blanche, Inc. , supra . Considering that there is ambiguity surrounding the meaning of "access to clubs" in the subject statute, we must adopt construction of the statute favorable to the taxpayer.
The Sheriff also argues that although Stubs Rewards members do not enjoy exclusive access to or use of AMC's theaters, they are provided with financial and physical benefits of access to and use of the theater facilities that aren't available to non-members. Although we recognize that Stubs Rewards members are potentially benefited by their membership in the Stubs Rewards Program with concessions upgrades, virtual rewards, or waiver of online fees (if and when they actually purchase a ticket or a concession item), we do not find that the member's ability to receive those benefits means that payment of the Stubs Rewards Program membership fee is paying for the "access to or use" of the subject theaters. Rather, we find that the language of the statute does not clearly and unambiguously express the intent to apply the statute to the AMC Stubs Rewards membership fees present in this case. Cleco , supra .
For the foregoing reasons, we find that the Board of Tax Appeals judge did not err in granting AMC's motion for summary judgment, and, as such, did not err in finding that the annual membership fees for AMC's Stubs Rewards Program are not a taxable "sale of service" for purposes of La. R.S. 47:301(14)(b)(i)(aa). This assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
In his second assignment of error, the Sheriff argues that if AMC's Petition for Redetermination was filed on January 27, 2016, as shown on the filing stamp mark on the first page of the petition, then it was filed late because the filing occurred more than thirty calendar days from the date of notice of the formal assessment. Consequently, the Sheriff argues, the Board of Tax Appeals judge had no jurisdiction to redetermine the assessments, his decision thereon must be vacated, and the petition must be dismissed for lack of subject matter jurisdiction.
La. R.S. 47:1431(C) provides:
If a taxpayer disputes an assessment made by a local collector, or a local collector's action or failure to act on a claim for a refund or credit of an overpayment, the taxpayer may appeal to the board for a redetermination of the assessment or a determination of the alleged overpayment, by filing a petition with the board as provided in R.S. 47:337.51, 337.53, or 337.81.
La. R.S. 47:337.51(A)(1)(b) provides that a tax collector shall send a notice of the assessment to the taxpayer and shall inform the taxpayer that he has "thirty calendar days from the date of notice" to appeal to the Board of Tax Appeals for redetermination of the assessment.
In the present case, the Sheriff issued a "Notice of Delinquent Taxes - Formal Assessment" to each of AMC's Jefferson Parish theaters on December 23, 2015. A supplement to the record reveals that AMC "fax filed" its Petition for Redetermination on January 22, 2016, i.e. , within thirty calendar days from the date of the notice of assessment, in accordance with the Board of Tax Appeals'
*203 rules.[9] Accordingly, we find that AMC's Petition for Redetermination was timely filed. This assignment of error is without merit.
CONCLUSION
For the foregoing reasons, because no genuine issue of material fact remains and AMC is entitled to judgment as a matter of law, the judgment of the Board of Tax Appeals judge which granted AMC's motion for summary judgment, finding that the annual membership fees for AMC's Stubs Rewards Program are not subject to Jefferson Parish sales taxes because those fees are not a taxable "sale of service" for purposes of La. R.S. 47:301(14)(b)(i)(aa), is affirmed.
AFFIRMED

At the hearing of this matter before the Board of Tax Appeals judge, the parties noted that Mr. Normand was no longer Sheriff, having been succeeded by Sheriff Joseph Lopinto. However, the record fails to show that a formal substitution of parties was made.

These locations are in Elmwood, Clearview Mall, and on the Westbank.

Goods and services include movie tickets and concessions.

Stubs Rewards expired in 90 days from the date of issuance. Other restrictions applied that are not pertinent to the issue in this case.

Occupational license tax and chain store tax were also included in this audit.

The record contains three audit reports, one for each theater location in the Parish.

While the judgment did not explicitly deny the Sheriff's motion for summary judgment, it did consider the cross-motions for summary judgment in granting AMC's motion for summary judgment, and the granting of AMC's motion for summary judgment resolved the merits of the case.

La. R.S. 47:1435 provides that the courts of appeal shall have exclusive jurisdiction to review the decisions or judgments of the Board of Tax Appeals.

Rule 3.1, "Fax Filing" of the Board of Tax Appeals, State of Louisiana, provides: The Board will accept pleadings (not Exhibits for trial) by facsimile only as provided for herein.
Within seven days, exclusive of legal holidays, after the Board has received the facsimile transmission, the Board must receive all of the following from the party filing by facsimile:
1. The original signed documents that were fax filed, together with the required six conformed copies.
2. The applicable filing fee, if any, under Rule 16.
3. A fax transmission fee of five dollars per page faxed.
If the party complies with all of the requirements of this Rule, the filing shall be deemed complete at the time that the facsimile transmission is received by the Board, but if the party fails to comply with all of these requirements then the facsimile filing shall have no force or effect.